PER CURIAM.
On January 16, 1967, appellant filed a complaint in the circuit court of Dade County to establish a resulting trust. The appellee, the defendant below, moved to dismiss for failure to state a cause of action and on other grounds. The motion was granted, with leave to amend within 15 days. An amended complaint was timely filed. On January 9, 1968, a motion of the defendant to dismiss the amended complaint was granted. That order allowed plaintiff to further amend within 15 days and provided that upon failure to so amend “the cause should stand dismissed, with prejudice”.
Plaintiff did not amend within the time thus allowed, but within that period filed an interlocutory appeal from the last mentioned order. This court affirmed, on April 23, 1968 (209 So.2d 272).
Thereafter the defendant moved for entry of final judgment, pursuant to the terms of the order which had been appealed and affirmed, for the failure of the plaintiff to have amended within 15 days from the date of said order as authorized therein. On June 15, 1968, the trial court granted the motion, and dismissed the cause with prejudice. Plaintiff’s subsequent motions to vacate the final judgment of dismissal and for rehearing were denied, and the plaintiff filed notice of appeal from the judgment of dismissal and the subsequent orders.
The question presented for determination is whether the filing by the plaintiff of an interlocutory appeal 'from the order dismissing the first amended complaint, within the 15-day period allowed by such order to further amend the complaint, operated to toll or suspend the period for amending so as to entitle the plaintiff to file an amended complaint within 15 days after the disposition by the appellate court of the interlocutory appeal.
The appellee contends, as the trial court ruled, that the taking of the interlocutory appeal without supersedeas did not operate to stay the order which had been entered requiring an amendment, if made, to be filed within 15 days. We hold the trial judge was eminently correct in so ruling. See Willey v. W. J. Hoggson Corporation, 89 Fla. 446, 105 So. 126, 129-130; Crichlow v. Maryland Casualty Co., 116 Fla. 226, 156 So. 440, 443; Horn v. Horn, Fla.1954, 73 So.2d 905, 906.
The appellant argues that affirmance of the order revived the period allowed to amend, affording a new period of 15 days for that purpose. That result would require a rule of procedure to that effect, and we have been shown no such rule applicable to this case.
Affirmed.