236 So.2d 195 (1970)
E & E ELECTRIC CONTRACTORS, INC., a Florida Corporation, Appellant,
v.
Myron SINGER and Eleanor Singer, His Wife, Stanley Baumann and Phyliss Baumann, His Wife, Individually and D/B/a Siba, a Partnership, Mrs. Mollie Oliphant and Murray Oliphant, Her Husband, Appellees.
No. 69-828.
District Court of Appeal of Florida, Third District.
June 2, 1970.
Rehearing Denied June 22, 1970.
*196 Street & Greenfield, and James D. Stillman, Miami, for appellant.
Myers, Kaplan, Porter, Levinson & Kenin, Richard L. Lapidus, and William B. Roman, Miami, for appellees.
Before PEARSON, C.J., and HENDRY and SWANN, JJ.
HENDRY, Judge.
The appellant corporation was plaintiff below, having filed its original complaint against the numerous appellees. Two of the original counts were dismissed with prejudice; the third count was also dismissed, but the court granted the appellant 20 days within which to file an amended complaint pertaining to Count III. The amended complaint was thus due on June 17, 1969. On June 11, 1969, the appellant indicated to the court that it wished to take an interlocutory appeal from the above orders. Oral motion was made and, pursuant thereto, the court set a supersedeas bond. However, the appellant did not post a supersedeas bond, but did file its notice of interlocutory appeal with this court.
The interlocutory appeal was never perfected because the appellant did not file its assignments of error, and failed in other respects to comply with the applicable appellate rules. Subsequently, on August 21, 1969, pursuant to motions of the appellees, this court dismissed the appellant's appeal. E & E Electric Contractors, Inc. v. Baumann, Fla.App., 226 So.2d 288.
The appellants still attempted to file their amended complaint in circuit court. On August 19, 1969, which was 63 days after the expiration of the original 20 day period granted to the appellant to amend Count III of its complaint, the appellees moved for final judgment and dismissal of the case with prejudice, on the grounds that the appellant had failed to file an amended complaint within the time allowed therefor. The appellants responded by filing their motion for leave to file and serve an amended complaint, and requested that the court excuse the default. An affidavit attached to that motion stated that the failure to timely file the amended complaint was "due to the inadvertence and apparent neglect on the part of the attorneys for the plaintiff, or that attorney having direct responsibility in this case * * *". A hearing was held on the two motions, and on September 8, 1969, the court entered its order denying plaintiff's motion for leave to amend its complaint, and also entered its final judgment for the defendants-appellees, dismissing the complaint with prejudice. This appeal is directed to those orders.
The issue is whether or not the trial court abused its discretion in denying *197 plaintiff's motion for leave to amend its complaint at a time which was sixty-three days after the original period allotted for that amended complaint to have been filed. A judge's conclusion to permit or refuse an amendment will not be disturbed in the absence of some demonstration that he has abused his discretion. McSwiggan v. Edson, Fla. 1966, 186 So.2d 13; Houston Texas Gas and Oil Corp. v. Hoeffner, Fla. App. 1961, 132 So.2d 38.
This court has been confronted with fact situations nearly identical to the case at bar. In Sun Finance Corp. v. Friend, Fla. App. 1962, 139 So.2d 484, we concluded that it was an abuse of discretion for the trial court to have set aside a default judgment, such setting aside having been based solely upon a motion and affidavit setting forth mistake and/or neglect of counsel. See also, White v. Spears, Fla.App. 1960, 123 So.2d 689.
As its second point on appeal, the appellant argues that the court was not justified when it dismissed the cause with prejudice. Rule 1.420(b), Florida Rules of Civil Procedure, 30 F.S.A., provides that
"[U]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits."
Thus, this dismissal for failure to timely amend may, unless otherwise provided by the trial court, act as a dismissal with prejudice. National Shawmut Bank of Boston v. Woodard, Fla.App. 1969, 220 So.2d 636. Cf. Drady v. Hillsborough County Aviation Authority, Fla.App. 1966, 193 So.2d 201.
The orders being appealed are therefore affirmed.