257 So.2d 69 (1972)
MIAMI AUTO AUCTION, INC., Appellant,
v.
FRIENDLY ENTERPRISES, INC., d/b/a World of Cars and Interstate Fire Insurance Co., Appellees.
No. 71-706.
District Court of Appeal of Florida, Third District.
January 25, 1972.
Bretan, Marks, Attias & Raskin, Miami, for appellant.
Blackwell, Walker & Gray, and James E. Tribble, Miami, for appellees.
Before SWANN, C.J., and CHARLES CARROLL and BARKDULL, JJ.
SWANN, Chief Judge.
Miami Auto Auction, Inc. sued the defendants Friendly Enterprises, Inc. d/b/a World of Cars, and Interstate Fire Insurance Co. A default was entered against Friendly but Interstate filed a motion to dismiss that was granted. By a written order on March 12, 1971, plaintiff's motion for rehearing to the order of dismissal was denied, however the same order granted *70 plaintiff's oral motion for leave to file an amended pleading within ten days.
Plaintiff did not file an amended complaint within 10 days of March 12, 1971. Interstate moved, on May 6, 1971, for an order of dismissal because of plaintiff's failure to comply with the March 12 order. On May 26, 1971, an order of dismissal was signed and rendered reciting that "plaintiff has as of the date of this order taken no further steps to file an amended complaint" and the cause was thereupon dismissed with prejudice as to Interstate. Plaintiff filed an amended complaint on May 26, 1971. Apparently the amended complaint was filed after the dismissal order of May 26 had been signed in view of the language contained therein.
Plaintiff appeals from the order of May 26 which dismissed its complaint with prejudice. It assigns as error the order of May 26; the original order which granted Interstate's motion to dismiss and the order which denied plaintiff's motion for rehearing.
We first determine that plaintiff could properly appeal from the order of May 26, 1971 which dismissed the cause with prejudice and assign as error the entry of that order and also the entry of the first order of dismissal and the order which denied its petition for rehearing.
Assuming error, arguendo, in the original order dismissing plaintiff's complaint and in the order denying its motion for rehearing, it is our view that plaintiff is estopped, or has waived its right to assert such error by its conduct in orally requesting and receiving written leave to file an amended complaint within ten days from March 12, 1971; or that such error, if any, was cured by the trial court granting plaintiff's oral request to file an amended complaint within ten days of March 12, 1971. 2 Fla.Jur. Appeals §§ 311 and 312.
Plaintiff did not file an amended complaint on March 22, 1971, as required, but filed it on May 26, 1971 or approximately 65 days late. We hold that the trial court did not abuse its discretion in dismissing the cause with prejudice under these circumstances. E & E Electric Contractors, Inc. v. Singer, Fla.App. 1970, 236 So.2d 195.
The final order of dismissal with prejudice is
Affirmed.
CARROLL, J., concurs in the judgment.