340 So.2d 1247 (1976)
Michael WEINER, M.D., Appellant,
v.
LOZMAN AND WEINBERG, P.A., and Harvey Lozman, Individually, Appellees.
No. 75-1797.
District Court of Appeal of Florida, Third District.
December 20, 1976.
Rehearing Denied January 12, 1977.
Krongold & Bass and Theodore R. Bayer, Miami, for appellant.
Noriega, Bartel, Chopp, Schatz, Levine & Shuford, Miami, for appellees.
*1248 Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Appellant seeks reversal of the trial court's order dismissing his complaint with prejudice.
The complaint alleged that the defendants, Lozman and Weinberg entered into and breached a written employment agreement with the plaintiff and that defendant, Harvey Lozman tortiously interfered with such agreement.
Attached to the complaint was a copy of the alleged contract which showed on its face that it was not signed by all of the parties charged.
The defendants moved to dismiss the complaint on the grounds that it failed to state a cause of action upon which relief could be granted. The court granted their motion to dismiss with prejudice.
Appellant contends that the trial court erred in dismissing the complaint for failure to state a cause of action. We find this contention to be without merit. However, there is merit in appellant's contention that the trial judge should not have dismissed the complaint with prejudice. He should have been given leave to amend. Town of Micanopy v. Connell, 304 So.2d 478 (Fla. 1st DCA 1974).
Affirmed in part and reversed in part, with directions to allow plaintiff to amend his complaint.