PER CURIAM.
Appellant/plaintiff brings this consolidated appeal from an order of the trial court which dismissed with prejudice its second amended complaint. The second amended complaint alleged, inter alia, that appellant had suffered damages by virtue of various acts of appellees/defendants committed during their tenure as officers and directors of appellant corporation.
A detailed accounting of the facts would serve no useful purpose, but would instead, cloud the sole point on appeal which we state as follows:
“Whether the trial judge abused his discretion in dismissing appellant’s second amended complaint for failure to comply
with a prior order of the court.” Therefore, only so much of the facts that is pertinent to a resolution of the above issue will be set forth.
Suffice it to say that in December of 1973, the former officers and directors of appellant, a non-profit corporation created to provide care, maintenance and living quarters for aged people, were sued in a class action by residents of the East Ridge Lutheran Retirement Village on behalf of themselves and all the residents of East Ridge and for the interest of appellant. The complaint, itself, was grounded upon four separate counts.
Pursuant to various defense motions, an amended and supplemental complaint was filed in December of 1974. The amended complaint added both appellant as a party plaintiff and a fifth and sixth cause of action, in addition to realleging all the claims asserted in the original complaint.
Defensive motions were again filed and by order of the trial court, dated April 4, 1975, dismissal without prejudice was granted as to counts one through four. The order reserved ruling upon the fifth and sixth causes of action but required the only remaining plaintiff (appellant), to eliminate the claims rendered moot by the passage of time and by virtue of certain proceedings held in Federal Bankruptcy Court.
On June 6, 1975, appellant filed a second amended complaint which, in addition to new matters, set forth almost verbatim all of the allegations of its amended and supplemental complaint. Appellees thereupon filed motions to strike or dismiss for appellant’s failure to comply with the court’s order of April 4, 1975.
On July 20, 1976, the trial court entered its “Order Striking the Second Amended Complaint” for failure to comply with the court’s prior order. After a rather lengthy and detailed factual accounting, said order concluded as follows:
“From the foregoing history of proceedings herein, it is apparent that the Second Amended Complaint while alleging the bankruptcy costs, expenses and other charges allegedly caused by negligent acts of the defendants as directors and officers of the plaintiff, also repeats substantially all of the original claims which have been rendered moot by the passage of time and by plaintiff’s own agreements, confirmed and approved by the Bankruptcy Court. Obviously plaintiff cannot recover again those claims against the Lutheran Medical Center, Inc. which have been or are being paid under the United States District Court Orders. Accordingly, it is
“ORDERED AND ADJUDGED THAT:
“1. To simplify and clarify the issues on claims which the plaintiff may pres *863 ently have against the defendants and to eliminate all claims of plaintiff for moneys advanced or expended in behalf of the Lutheran Medical Center, Inc. or in connection with other matters which have been settled or agreed to be settled through the proceedings in the Bankruptcy Court, the defendants’ Motions to Strike the Second Amended Complaint (with the exception of the severed Seventh Cause of Action) should be, and are, hereby granted, and
“2. The plaintiff shall have thirty (30) days from the date of this Order within which to file its Third Amended Complaint which shall include only those claims referred to in paragraph 1 of this order and shall eliminate all others stricken or 'dismissed thereby.
“DONE AND ORDERED in Miami, Florida this July 20, 1976.”
Appellant thereupon filed a notice of interlocutory appeal from the above order. On August 11, 1976, however, appellant served appellees with a motion for entry of final judgment, electing not to file a third amended complaint. In accordance with appellant’s motion, a final judgment was entered from which appellant filed its notice of appeal. By this court’s order, both appeals have been consolidated.
After carefully reviewing the record, briefs and arguments of counsel, in light of the controlling principles of law, it is our opinion that no error has been committed. Accordingly, for the following reason, the final judgment appealed from is hereby affirmed.
The second amended complaint contained counts and allegations that were both moot and prolix, in contravention of Fla.R.Civ.P. 1.110(b)(2). In addition, appellant not only failed to eliminate those lengthy and superfluous matters from the second amended complaint, as required by the prior order of the court dated April 4, 1975, but in fact, added additional allegations.
Florida courts have long held that a plaintiff may be required to amend or recast a complaint, disposing of burdensome allegations. L. C. Morris, Inc. v. Allison, 277 So.2d 28 (Fla. 3d DCA 1973); Cook v. Katiba, 152 So.2d 504 (Fla. 1st DCA 1963). In that appellant was ordered to streamline his pleading and failed to do so, the trial court, upon its discretion, had the authority to dismiss the second amended complaint. See City of Miami Beach v. Chadderton, 306 So.2d 558 (Fla. 3d DCA 1975); and Fla.R. Civ.P. 1.420(b). The trial judge having exercised his discretion, and appellant having failed to demonstrate an abuse of that discretion, the order of dismissal is hereby affirmed.
Affirmed.