356 So.2d 1321 (1978)
CLIFFORD RAGSDALE, INC. d/b/a Commercial Electric Company, a Florida Corporation, Appellant,
v.
MORGANTI, INC., Morganti, South Inc., Wolff & Munier, Inc., Federal Insurance Company, Jointly and Severally, Appellees.
No. 76-2581.
District Court of Appeal of Florida, Fourth District.
April 4, 1978.
*1322 Larry A. Klein and Cone, Owen, Wagner, Nugent, Johnson & McKeown, P.A., West Palm Beach, for appellant.
Michael B. Davis of Walton, Lantaff, Schroeder, Carson & Wahl, West Palm Beach, for appellees.
MOORE, Judge.
Appellant/plaintiff contends that the trial court erred in dismissing its cause and entering final judgment with prejudice. We disagree and affirm.
The time sequence is important and it is repeated as follows:
November 18, 1975  Defendants filed a motion to dismiss for failure to state a cause of action.
November 18, 1975  Defendants filed a motion to abate for failure of the plaintiff to comply with the "fictitious name statute," Section 865.09, Florida Statutes (1975).
February 13, 1976  Trial court dismissed plaintiff's complaint and granted plaintiff until March 15, 1976 to amend. Trial court also granted defendants' motion to abate.
July 28, 1976  Defendants filed a motion for final judgment dismissing complaint with prejudice.
September 3, 1976  Plaintiff's new counsel filed a notice of appearance, motion in opposition to motion for final judgment dismissing complaint with prejudice and an amended complaint.
November 5, 1976  Defendants filed motion to strike plaintiff's amended complaint because leave of court had neither been sought nor granted.
November 10, 1976  Final judgment entered dismissing with prejudice plaintiff's action.
Pursuant to the last entry indicated above, this appeal was instituted.
The record does not reflect any attempt on the part of the plaintiff to comply with the "fictitious name statute" which caused the "abatement" of the action below. Both parties, however, are deemed to have waived non-compliance by reason of their participation in further proceedings. See, Cor-Gal Builders, Inc. v. Southard, 136 So.2d 244 (Fla. 3d DCA 1962).
In a scholarly opinion, Judge Wigginton traced the history of the rules of procedure in situations such as that before us through the year 1963. Hardee v. Gordon Thompson Chevrolet, Inc., 154 So.2d 174 (Fla. 1st DCA 1963). Prior to the adoption of modern rules of civil procedure in the early 1950's, the test to determine whether or not a dismissal acted as an adjudication on the merits involved the factual allegations. If that which caused the dismissal was an insufficiency relating to the failure of the complaint to allege necessary facts to state a cause of action, a judgment of dismissal was held not to be an adjudication on the *1323 merits. Conversely, if the insufficiency related to an inherent defect in the case shown by those facts which were alleged, a resulted judgment of dismissal was considered to be an adjudication on the merits. Subsequently, Rule 1.35(b), 1954 Florida Rules of Civil Procedure was adopted providing that any dismissal not provided for in said rule would act as an adjudication upon the merits unless the court's order specified otherwise. This provision was eliminated, effective September 30, 1962, in an amendment to said rule. It has now been reinstated in Fla.R.Civ.P. 1.420(b)[1]. The dismissal in the instant case falls within the parameter of the present rule.
In the absence of an abuse of discretion, the trial court's dismissal with prejudice will not be disturbed. E & E Electric Contractors, Inc. v. Singer, 236 So.2d 195 (Fla. 3d DCA 1970); and Miami Auto Auction, Inc. v. Friendly Enterprises, Inc., 257 So.2d 69 (Fla. 3d DCA 1972). See also, Lutheran Senior Citizens' Foundation, Inc. v. B.F. Schumacher, 355 So.2d 861 (Fla. 3d DCA 1978). In full recognition of the harshness of the sanctions imposed by the trial court, we cannot say that he abused his discretion under the facts of this case. Appellant was allowed approximately one month to amend his complaint and comply with the "fictitious name statute." He did nothing for a period of 203 days and then only after appellees had filed their motion for final judgment.
Accordingly, the final judgment of dismissal with prejudice is
AFFIRMED.
ALDERMAN, C.J., and CROSS, J., concur.
NOTES
[1] "(b) Involuntary Dismissal: Any party may move for dismissal of an action or of any claim against him for failure of an adverse party to comply with these rules or any order of court. Notice of hearing on the motion shall be served as required under Rule 1.090(d) ... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits." (Emphasis added).