407 So.2d 607 (1981)
NEW RIVER YACHTING CENTER, INC. and Certain Underwriters at Lloyds of London, Appellants,
v.
Ronald Dario BACCHIOCCHI a/k/a B.A. Dario, Individually and D/B/a Dario Farms, Providence Washington Insurance Company, Aetna Casualty and Surety Company, American Employers Insurance Company, Fireman's Fund Insurance Company, Maurice M. McCrater and Jeannette McCrater, His Wife, Appellees.
No. 80-337.
District Court of Appeal of Florida, Fourth District.
October 14, 1981.
Rehearing Denied January 21, 1982.
*608 Edward M. Waller, Jr., and Dewey R. Villareal, Jr., of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, and E. Bruce Johnson of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellants.
Gerald L. Bedford of McCormick, Bedford & Backmeyer, Miami, for appellee-Bacchiocchi.
Claudia B. Greenberg of Marlow, Shofi, Ortmayer, Smith, Connell & Valarius, Miami, for appellee-Providence Washington Ins. Co.
Richard A. Sherman and Dennis O'Hara of Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara, and Marilyn P. Liroff of Weaver & Weaver, P.A., Fort Lauderdale, for appellee-Aetna Casualty and Surety Co.
T. Cowart and James E. Tribble of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for appellee-American Employers Ins. Co.
Gerald E. Rosser of Corlett, Merritt, Killian & Sikes, P.A., Miami, for appellee-Fireman's Fund Ins. Co.
UPCHURCH, JOHN J., Associate Judge.
Two issues are presented on appeal. The first concerns the trial court's denial of appellants' motion for leave to amend their cross-claim against the corporate appellees some seven months after having been granted twenty days within which to do so. The second concerns the denial of leave to amend the cross-claim against appellee Bacchiocchi in light of an earlier final summary judgment on the cross-claim which was unsuccessfully appealed.
Having found no abuse of discretion in the first instance, and no error in the second, we affirm.
Appellants and appellees were parties defendant in a personal injury action filed by Maurice M. and Jeannette McCrater. Appellants settled with the McCraters and filed cross-claims against appellees seeking contribution and indemnity. The cross-claim against the corporate appellees was dismissed with prejudice on September 28, 1978. However, despite the dismissal "with prejudice", the trial court granted appellants twenty days within which to file an amended cross-claim. Appellants did not amend, but instead chose to treat the dismissal as final and appealed the decision to this Court. The appeal was dismissed April 10, 1979 on motion of appellants. Thereafter, on May 10, 1979, appellants changed direction and moved for leave to amend their cross-claims against the corporate *609 cross-defendants. The motion was denied and the case dismissed, the court holding that appellants had failed to demonstrate any justiciable grounds or excuse which would serve as a basis for permitting amendment of the cross-claims some seven months after the order allowing twenty days to amend. Appellants claim the proper test is not whether there was an excuse for delay, but whether the late amendment would prejudice the opposing party.
We find that the trial court had jurisdiction to entertain the motion to amend as the dismissal "with prejudice" granted leave to amend. The court thus retained control of the litigation and the subject order was nonfinal. Hancock v. Piper, 186 So.2d 489 (Fla. 1966).
Resolution of this issue requires an analysis of Fla.R.Civ.P. 1.190 dealing with amendments of pleadings, and Fla.R.Civ.P. 1.420 dealing with dismissal for violation of a court order.
Fla.R.Civ.P. 1.190 provides that leave to amend shall be freely given when justice so requires. Under the rule, a test of prejudice is the primary consideration in determining whether a motion for leave to amend should be granted. Wackenhut Protective Systems v. Key Biscayne, 350 So.2d 1150 (Fla. 3rd D.C.A. 1977). Leave to amend should not be denied unless the privilege has been abused or the complaint is clearly not amendable. Osborne v. Delta Maintenance and Welding, 365 So.2d 425 (Fla. 2nd D.C.A. 1978). This determination should be governed by a policy favoring resolution of cases on their merits, unless the privilege be abused. Enstrom v. Dixon, 354 So.2d 1251 (Fla. 4th D.C.A. 1978).
On the other hand, none of these cases involve violation of a court order setting a time limit for amendment. Fla.R.Civ.P. 1.420(b) provides for involuntary dismissal for failure to comply with any order of the court. This rule has been applied to uphold the trial court's discretion in dismissing for failure to amend a pleading within the time limit set by the court. Lasley v. Cushing, 244 So.2d 770 (Fla. 1st D.C.A. 1971), E & E Electric Contractors, Inc. v. Singer, 236 So.2d 195 (Fla. 3rd D.C.A. 1970), Miami Auto Auction Inc. v. Friendly Enterprises, Inc., 257 So.2d 69 (Fla. 3rd D.C.A. 1972), National Shawmut Bank of Boston v. Woodard, 220 So.2d 636 (Fla. 3rd D.C.A. 1969).
We find that the application of Fla. R.Civ.P. 1.420(b) in this case was solely within the sound discretion of the trial court and nothing appears from the record to suggest that there was an abuse of that discretion.
Appellants also challenge the granting of appellee Bacchiocchi's motion to strike their motion for leave to amend their cross-claim against him, and the consequent final dismissal of that claim with prejudice.
The trial court granted Bacchiocchi's motion for final summary judgment on December 15, 1978. The final summary judgment contained no words of limitation; it was apparently dispositive of all issues between the parties. Appellants treated it as such, appealed the judgment, and that appeal was subsequently dismissed. The trial court refused to entertain appellants' later motion for leave to amend, holding that the earlier summary judgment effectively closed the door to relitigation of the same cause of action.
We find the summary final judgment is res judicata and serves as a bar to further litigation of the same claim. Once a party has had an opportunity to litigate a matter in an action in a court of competent jurisdiction, he should not be permitted to litigate it again to the harassment and vexation of his opponent. 19 Fla.Jur., Judgment and Decrees, Section 104; Gray v. Gray, 91 Fla. 103, 107 So. 261 (1926); Coral Realty Co. v. Peacock Holding Co., 103 Fla. 916, 138 So. 622 (1931); Caldwell v. Mass Bonding and Ins. Co., 158 Fla. 677, 29 So.2d 694 (1947); U.S. Gypsum Co. v. Columbia Casualty Co., 124 Fla. 633, 169 So. 532 (1936).
Appellants have failed to demonstrate error, and accordingly, the judgment is AFFIRMED.
DOWNEY and HURLEY, JJ., concur.