DELL, Judge.
Appellant filed his amended complaint for civil damages, charging appellee with improper disclosure of an intercepted wire or oral communication, in violation of Sections 934.10 and 934.08, Florida Statutes (1981). The complaint alleged that appellee disclosed the communication by playing a tape of a telephone conversation to a class he was teaching, to representatives of the media, and to other persons. Appellee moved to dismiss on the grounds that these sections do not permit a cause of action for disclosure of communications which are intercepted with the consent of one party to the communication. The trial judge granted the motion with prejudice, without stating the grounds for the dismissal.
Section 934.10, Florida Statutes, states: Any person whose wire or oral communication is intercepted, disclosed, or used in violation of this chapter shall have a civil cause of action against any person who intercepts, discloses, or uses ... such communications ....
(Emphasis added.) One who has intercepted a communication in accordance with Chapter 934 may, without civil liability, disclose the contents of the communication while giving testimony in a criminal proceeding, a grand jury proceeding, or a judicial qualifications commission investigation. Section 934.08(3).
The statute clearly creates a civil cause of action for improper disclosure of intercepted communications. Taping one’s own telephone conversation may not be a violation of Chapter 934. However, playing such a tape to persons other than those authorized in Section 934.08(3) constitutes a disclosure in violation of the Chapter. Appellant’s complaint states a cause of action.
Appellee has briefed and vigorously argued matters which, he contends, justified his disclosures. These arguments relate to appellee’s affirmative defenses. A motion to dismiss raises the question of the sufficiency of facts alleged to state a cause of action. Kest v. Nathanson, 216 So.2d 233 (Fla. 4th DCA 1968). The complaint need not anticipate affirmative defenses. Hammonds v. Buckeye Cellulose Corp., 285 So.2d 7 (Fla.1973).
Accordingly, the order of the trial court is reversed and the cause remanded for further proceedings.
BERANEK and HERSEY, JJ., concur.