DOWNEY, Judge.
This appeal arises from a final order dismissing all counts of the appellant’s *500 complaint with prejudice. The complaint includes counts for malicious prosecution, abuse of process, false imprisonment, intentional infliction of emotional distress and conversion.
The facts underlying the complaint involve a dispute over the ownership of certain furniture, which the appellant claimed Mr. Lenning gave to him and his wife while they were employed as Lenning’s live-in help, and which the appellant took into his possession when that employment was terminated and they were ordered to leave the residence. The Simonins removed the furnishings from Lenning’s residence during daylight hours and allegedly advised the police department of their claim to the furniture. Thereafter, Lenning filed a criminal complaint against Mr. and Mrs. Simonin for grand theft of the furniture. The Simo-nins were arrested and incarcerated, the furniture was seized, the incident was broadcast on the news, and the Simonins were allegedly shunned as criminals by friends, neighbors and clients. Approximately nine months later the state nolle prossed the charges. Pending civil litigation as to the ownership of the furniture resulted in favor of Lenning on the basis that the Simonins could not prove the furniture was a gift.
Lenning filed a motion to dismiss Mr. Simonin’s complaint for failure to state a cause of action, alleging that it failed to correctly state the fact that a civil action had determined Lenning was the rightful owner of the furniture, and that this determination reinforced the fact that it was the “unlawful taking” of the furniture by the Simonins that “formed the basis of the probable cause” for their arrest. The trial court dismissed Simonin’s complaint with prejudice based upon the conclusion that probable cause existed for the filing of the criminal complaint and, therefore, “one or more necessary elements in each cause of action were not established by a sufficient factual basis.”
The appellant contends that the trial court erred in dismissing the complaint with prejudice on the basis of judicial notice of (1) the prior civil action wherein it was determined that Lenning was the rightful owner of the property,[1] and (2) the contents of the nolle prosse, which recited the state’s reasons (other than lack of probable cause) for the dismissal of the grand theft charge. The appellant submits that the trial court incorrectly considered matters outside the four corners of the complaint and erroneously ruled upon the merits of the cause on the motion to dismiss. See Parkway General Hospital, Inc. v. Allstate Insurance Company, 393 So.2d 1171 (Fla. 3d DCA 1981); Cherry v. Pirrello, 324 So.2d 158 (Fla. 3d DCA 1975); Tiseo v. Arnold, 237 So.2d 21 (Fla. 2d DCA 1970); Crutchfield v. Adams, 152 So.2d 808 (Fla. 1st DCA 1963).
While dismissal of the complaint may have been appropriate for failure to state a cause of action due to certain unsupported allegations, we agree that the complaint should not have been dismissed with prejudice and that the appellant should have been given an opportunity to amend. The complaint need not anticipate affirmative defenses. Lomelo v. Schultz, 422 So.2d 1050 (Fla. 4th DCA 1982). The affirmative defense that probable cause existed should not preclude the possibility of amendment of the appellant’s complaint, especially in light of the liberality afforded in permitting amendments. Fla.R.Civ.P. 1.110(d) (1983); see, e.g., Enstrom v. Dixon, 354 So.2d 1251 (Fla. 4th DCA 1978); Weiner v. Lozman and Weinberg, P.A., 340 So.2d 1247 (Fla. 3d DCA 1976).
REVERSED AND REMANDED.
DAUKSCH, JAMES C., and PURDY, H. MARK, Associate Judges, concur.

. See Cazares v. Church of Scientology ' of Cal., 444 So.2d 442 (Fla. 5th DCA 1983); Rest v. Nathanson, 216 So.2d 233 (Fla. 4th DCA 1968).