COBB, Judge.
The appellant, Mary Ann Dewitt, plaintiff below, filed an amended complaint against the Rossis and the Boehmes, appel-lees here, for breach of contract and tor-tious interference with a contract, respectively. In response, the Boehmes moved to dismiss on grounds the amended complaint, which was largely in narrative form, was “disjointed” and failed to clearly and concisely set forth the averments of claim in consecutively numbered paragraphs as required by the rules of pleading.
The trial court granted the motion on the basis that “several paragraphs in the amended complaint contained multiple or narrative allegations, involving multiple sets of circumstances, making a cumbersome pleading difficult to respond to.” Dewitt was granted twenty days within which to file a second amended complaint, but elected not to do so, choosing instead to take a final dismissal with prejudice and to appeal.
On appeal, Dewitt poses the issue as being simply whether she stated a cause of action, however cumbersome, for breach of contract (against the Rossis) and contractual interference (against the Boehmes). The appellees, on the other hand, see the issue as being the right of the trial court to dismiss a complaint violative of the Rules of Civil Procedure.
We agree with the appellees. Under Rule 1.110(b), Florida Rules of Civil Procedure, a complaint is required to contain a short and plain statement of the grounds upon which the court’s jurisdiction depends, and must also contain a short and plain statement of the ultimate facts showing that the pleader is entitled to relief. Under Rule 1.110(f), all averments of claim must be made in consecutively numbered paragraphs. The contents of each must be limited as far as practicable to a statement of a single set of circumstances.
Rule 1.420(b) (involuntary dismissal) states that any party may move for dismissal of an action or of any claim against him for failure of an adverse party to comply with the Rules or any order of the court. A dismissal under this rule operates as an adjudication on the merits. In the instant case, we see no abuse of discretion by the trial court in requiring compliance with the rules of pleading and, after allowing the opportunity for amendment, granting dismissal. Rule 1.420(b) has been applied to uphold the trial court’s discretion in dis *660 missing for failure to amend a pleading within the time limits set by the court. Edward L. Nezelek, Inc. v. Sunbeam Television Corporation, 413 So.2d 51, 53 (Fla. 3d DCA), review denied, 424 So.2d 763 (Fla.1982); New River Yachting Center, Inc. v. Bacchiocchi, 407 So.2d 607, 609 (Fla. 4th DCA 1981), review denied, 415 So.2d 1360 (Fla.1982); Clifford Ragsdale, Inc. v. Morganti, Inc., 356 So.2d 1321, 1323 (Fla. 4th DCA), cert. denied, 362 So.2d 1051 (Fla.1978); Lutheran Senior Citizens Foundation, Inc. v. Schumacher, 355 So.2d 861 (Fla. 3d DCA), cert. denied, 361 So.2d 833 (Fla.1978); Neida’s Boutique, Inc. v. Gabor and Company, Inc., 348 So.2d 1196 (Fla. 3d DCA 1977), cert. denied, 366 So.2d 883 (Fla.1978); Weiner v. Lozman and Weinberg, P.A., 340 So.2d 1247 (Fla. 3d DCA 1976); Miami Auto Auction, Inc. v. Friendly Enterprises, Inc., 257 So.2d 69 (Fla. 3d DCA 1972); Lasley v. Cushing, 244 So.2d 770 (Fla. 1st DCA 1971); E & E Electric Contractors, Inc. v. Singer, 236 So.2d 195 (Fla. 3d DCA), cert. dismissed, 239 So.2d 827 (Fla.1970); National Shawmut Bank of Boston v. Woodard, 220 So.2d 636 (Fla. 3d DCA), cert. denied, 225 So.2d 917 (Fla.1969); Reynolds v. Deep South Sports, Inc., 211 So.2d 37 (Fla. 2d DCA 1968).
AFFIRMED.
W. SHARP and HARRIS, JJ., concur.