PER CURIAM.
Anthony Eugene Cash rented self-service storage space from Airport Mini-Storage but did not keep up the rental payments. Cash claims that at the time he rented the space he was informed of the possibility of some $10 monthly late fee, however was not informed of any other provisions or contractual arrangements. Sometime thereafter, realizing he was late in his payments, Cash maintains that he attempted to partially pay the sum then owed, but was turned away. Airport Mini Storage thereafter apparently sold off Cash’s possessions to pay the past due fees. Cash filed a complaint of sorts alleging a violation of various state and federal constitutional rights as well as the company’s intentional infliction of emotional distress. Also, although far from a model of clarity, the complaint also asserted a breach of contract claim and a claim that *984 the storage facility had failed to act in compliance with section 83.806 Florida Statutes (1999), the statutory section providing for enforcement of liens on self-storage space.
The trial court dismissed Cash’s complaint without prejudice, concluding that the pleading was little more than rambling and did not adequately state any cause of action. Thereafter, Cash filed another complaint which the trial court again concluded did not comply with Florida Rule of Civil Procedure 1.110(b). The court then dismissed the action in accordance with Florida Rule of Civil Procedure 1.420(b).
Under Rule 1.110(b), a complaint is required to contain a short and plain statement of the ultimate facts showing that the pleader is entitled to relief. Rule 1.420(b) states that any party may move for dismissal of an action or of any claim against him for failure of an adverse party to comply with the Rules or any order of the court. A dismissal under this rule operates as an adjudication on the merits. We affirm in part, and reverse in part the order under review. As to Cash’s claims of emotional distress, violation of privacy, 4th Amendment, due process and equal protection rights, we affirm the dismissal of these claims. Cash failed to comply with Rule 1.110(b) and also failed to allege the elements of these claims. See Clemente v. Home, 707 So.2d 865, 866 (Fla. 3d DCA 1998); see also Davis v. Prudential Sec., Inc., 59 F.3d 1186, 1186 (11th Cir.1995).
The Fifth district affirmed a dismissal based on a similar disjointed pleadings in Dewitt v. Rossi, 559 So.2d 659 (Fla. 5th DCA 1990). See Barrett v. City of Margate, 743 So.2d 1160, 1163 (Fla. 4th DCA 1999)(observing that notwithstanding the fundamental principle of allowing pro se litigants procedural latitude, a practice effected to ensure access to the courts for all citizens, pro se litigants are not immune from the rules of procedure).
Here, Cash’s pleadings construed most liberally however do briefly state the facts and allege the elements of a claim for breach of contract and/or the failure of the facility to comply with section 83.806. Accordingly we reverse the trial court’s dismissal as to these claims. As to the balance of the order under review, the trial court’s decision is affirmed.