815 So.2d 670 (2002)
TOWN OF MANALAPAN, a municipal corporation, Appellant,
v.
FLORIDA POWER & LIGHT COMPANY, a Florida corporation, Appellee.
No. 4D01-518.
District Court of Appeal of Florida, Fourth District.
March 27, 2002.
Rehearing Denied June 3, 2002.
*671 Terrence F. Dytrych of Terrence F. Dytrych, P.A., North Palm Beach, and James McCartney Wearn of James McCartney Wearn, P.A., West Palm Beach, for appellant.
John W. Little, III, Alvin B. Davis and Ron A. Adams of Steel Hector & Davis LLP, West Palm Beach, for appellee.
STEVENSON, J.
The Town of Manalapan (Manalapan) timely appeals an order dismissing with prejudice its suit against Florida Power & Light Company (FP & L) as a sanction for its failure to timely file an amended complaint in compliance with a court order. We find that dismissal was too severe under the circumstances of this case and reverse.
Manalapan filed its complaint on October 28, 1998. FP & L responded with a motion to dismiss. On February 8, 1999, the trial court dismissed Manalapan's complaint and gave it thirty days to amend. On March 9, 1999, Manalapan filed a motion for extension of time, stating that its amended complaint was due on March 8, 1999, and that it required an additional ten days. The motion was never set for hearing and never ruled upon.
For more than a year after the dismissal of the plaintiffs original complaint and the filing of the plaintiffs motion for extension of time, Manalapan did nothing. On March 22, 2000, FP & L filed a motion for entry of final judgment of dismissal with prejudice. FP & L cited Manalapan's failure to comply with the court's order allowing only thirty days to amend and urged the court to dismiss the suit with prejudice as a sanction for the noncompliance. In May of 2000, about six weeks after FP & L filed its motion for entry of final judgment, Manalapan filed its amended complaint. FP & L persisted in seeking a dismissal with prejudice. A hearing was held at which counsel for both Manalapan and FP & L testified. The trial judge agreed with *672 FP & L's position that dismissal with prejudice was the appropriate sanction.
Florida Rule of Civil Procedure 1.420(b) provides in relevant part: "Any party may move for dismissal of an action... for failure of an adverse party to comply with these rules or any order of court." Nonetheless, not every failure to comply with a court order or rule of civil procedure will justify dismissal.
The purpose of the Florida Rules of Civil Procedure is to encourage the orderly movement of litigation. Fla. R. Civ. P. 1.010. This purpose usually can be accomplished by the imposition of a sanction that is less harsh than dismissal and that is directed toward the person responsible for the delayed filing of the complaint.... Because dismissal is the ultimate sanction in the adversarial system, it should be reserved for those aggravating circumstances in which a lesser sanction would fail to achieve a just result.
Kozel v. Ostendorf 629 So.2d 817, 818 (Fla.1993). To help judges assess which failures will justify dismissal and which will not, the supreme court has adopted six factors which warrant consideration:
1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration.
Id. "Upon consideration of these factors, if a sanction less severe than dismissal with prejudice appears to be a viable alternative, the trial court should employ such an alternative." Id.
While we recognize the deference afforded a trial court's ruling on this issue, see Clay v. City of Margate, 546 So.2d 434, 435 (Fla. 4th DCA), review denied, 553 So.2d 1164 (Fla.1989), and later approved by Kozel v. Ostendorf 629 So.2d 817 (Fla. 1993), we believe that consideration of the Kozel factors required a sanction less severe than dismissal. With respect to factors one and five, the trial judge found that Manalapan's attorney's conduct was "conscious and willful, but not contumacious" and that the only real justification for the failure was that "the attorney felt it was only one order and it did not seem that important." There is record support for this finding, and we decline to accept the appellant's characterization of the attorney's conduct as simply a "technical" violation. The remaining factors, however, suggest that something less severe than dismissal would have sufficed. With respect to factor fourprejudice to the opposing party, the trial judge found that "the delay did prejudice FP & L in that the case was ongoing for this entire period of time" and that "FP & L did have some reasonable costs in setting several 8:45 hearings that were caused by the untimely amendment." This limited prejudice, however, is better addressed by less severe sanctions. The same is true with respect to factor six where the trial judge found that the delay created significant problems of judicial administration since the case could no longer "be disposed of within the time limits set by the Supreme Court of Florida."
FP & L urges this court to affirm the dismissal based upon the decisions in New River Yachting Center, Inc. v. Bacchiocchi, 407 So.2d 607 (Fla. 4th DCA 1981), review denied, 415 So.2d 1360 (Fla.1982), and Clifford Ragsdale, Inc. v. Morganti, *673 Inc., 356 So.2d 1321 (Fla. 4th DCA), cert. denied, 362 So.2d 1051 (Fla.1978). In New River Yachting, the appellants' cross-claim was dismissed on September 28, 1978, and the appellants were given twenty days to amend. See 407 So.2d at 608. Instead of amending, the appellants attempted to appeal the dismissal. Then, when their appeal was dismissed, on May 10, 1979, the appellants sought leave to amend. The trial court denied their motion and dismissed the case, finding that appellants had failed to present any ground to justify an amendment some seven months after the expiration of the twenty-day period in the court's order. This court affirmed that decision, citing the discretion vested in trial judges. Clifford Ragsdale is of like import. There, "[a]ppellant was allowed approximately one month to amend his complaint and comply with the `fictitious name statute.' He did nothing for a period of 203 days and then only after appellees had filed their motion for final judgment." 356 So.2d at 1323. The trial judge dismissed the case with prejudice, and this court affirmed. See id. Although these two cases would support affirmance here, they were decided prior to the supreme court's decision in Kozel and, thus, are not dispositive.
Accordingly, we reverse the order dismissing with prejudice Manalapan's suit. On remand, the trial judge should consider the imposition of other, lesser sanctions. See King v. Macaleer, 774 So.2d 68 (Fla. 2d DCA 2000).
REVERSED and REMANDED.
GROSS and HAZOURI, JJ., concur.