DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TOWNHOUSES AT JACARANDA CONDOMINIUM ASSOCIATION, INC.,**
Appellant,

v.

**CRAIN ATLANTIS ENGINEERING, INC., ALBERT R. CAPELLINI, P.E.,
JM CONSTRUCTION MANAGEMENT, INC., I.P.Q. CONSTRUCTION,
INC.** and **NEEDHAM RE-ROOFING, INC.,**
Appellees.

No. 4D14-1880

[January 20, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marina Garcia-Wood, Judge; L.T. Case No. 11000135 (18).

Ronald E. D'Anna and Kristin J. Mentzer of McClosky, D'Anna & Dieterle, LLP, Boca Raton, for appellant.

Mark D. Tinker, Charles W. Hall, and DeeAnn Petika of Banker Lopez Gassler P.A., St. Petersburg, for appellee JM Construction Management, Inc.

Barbara A. Stern of Law Offices of Bohdan Neswiacheny, Fort Lauderdale, for appellee I.P.Q. Construction, Inc.

WARNER, J.

We reverse the trial court's order of dismissal of appellant's case, which the court dismissed because appellant had failed to attach certain exhibits to its second amended complaint within the time allowed by the original order requiring their attachment.[1]

---

[1] The trial court dismissed the case without prejudice. A dismissal without prejudice has the effect of a dismissal with prejudice where the statute of limitations period has run. *See Totura & Co. v. Williams*, 754 So. 2d 671, 677 (Fla. 2000). As the limitations period has run in this case, we conclude that the order is tantamount to a dismissal with prejudice.

Dismissal was improper because the trial court failed to articulate findings warranting the extreme sanction of dismissal for this procedural error. *See Kozel v. Ostendorf*, 629 So. 2d 817, 818 (Fla. 1994); *Buroz-Henriquez v. De Buroz*, 19 So. 3d 1140, 1141-42 (Fla. 3d DCA 2009).

Moreover, the court's choice to dismiss the case, rather than impose a lesser sanction, was too severe a sanction. Under nearly identical circumstances in *Town of Manalapan v. Florida Power & Light Co.*, 815 So. 2d 670 (Fla. 4th DCA 2002), we held that dismissal with prejudice was too severe a sanction. There, the plaintiff had still not filed an amended complaint more than a year after an order dismissing the initial complaint gave the plaintiff thirty days to do so. *Id.* at 671. Here, where the delay in filing was not nearly so long, the sanction of dismissal is also too severe.

Accordingly, we reverse the order dismissing the suit and remand for further proceedings. On remand, the trial court may consider imposition of other, lesser sanctions for the failure to timely file the exhibits to the complaint.

MAY, J., and GILLEN, JEFFREY DANA, Associate Judge, concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

2