# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2025-2070
LT Case No. 55-2021-CA-1298

_____

MARTHA A. THOMAS  and
ARCHIBALD JOHN THOMAS, III,
ESQUIRE,

     Appellants,

     v.

CYPRESS HOLDINGS, LLC, and
TURNKEY ASSET MANAGEMENT &
MAINTENANCE, INC.,

     Appellees.

_____

On appeal from the Circuit Court for St. Johns County.
Howard Mason Maltz, Judge.

Archibald J. Thomas, III, of Archibald J. Thomas, III, P.A.,
Jacksonville Beach, for Appellants.

No Appearance for Appellees.


May 22, 2026


PER CURIAM.

     Martha A. Thomas and Archibald J. Thomas, III
("Appellants") appeal the trial court's dismissal of their second

amended complaint without prejudice. Appellants contend that the record is insufficient to support the ultimate sanction of dismissal. They argue the trial court erred by failing to evaluate the factors established in *Kozel v. Ostendorf*, 629 So. 2d 817 (Fla. 1993), to determine if the sanction was justified and, if so, whether a less severe alternative would have been more appropriate. We agree and reverse.

I.

On November 16, 2021, Appellants initiated an action by filing a complaint against two Defendants, DGG Re Investments, LLC d/b/a Guardian Asset Management ("DGG") and Cyprex Holdings, LLC ("Cyprex"). The complaint alleged various causes of action against the Defendants for breaking into Appellants' beach home multiple times without Appellants' knowledge or consent and otherwise without legal justification. Specifically, Appellants alleged that on various dates beginning on December 11, 2020, employees and agents of Defendants broke into a residence owned by Appellants and either removed or destroyed most of the furniture and personal property located inside the residence. It appears from the pleadings that the Defendants went to Appellants' home by mistake as they were hired to clean up a bank foreclosed property next door but instead broke into Appellants' home. On December 30, 2022, Cyprex's legal counsel withdrew, and on January 25, 2024, a judicial default was entered against Cyprex due to its failure to retain substitute counsel.

Subsequently, a Second Amended Complaint was filed by written consent adding Turnkey Asset Management & Maintenance, Inc. ("Turnkey") as another party. Mediation was conducted in July 2024 between Appellants and DGG; however, Cyprex failed to appear. Turnkey had not yet been served with the Second Amended Complaint at the time of mediation and did not participate in this mediation. Based on the mediation, DGG and Appellants settled and a voluntary dismissal was filed dismissing DGG from the case. The court indicated it would set a case management conference after the window for service on Turnkey expired. Appellants struggled to serve Turnkey as they alleged Turnkey was avoiding service of process. However, after a lengthy process, Turnkey was served with the Second Amended Complaint

2

and added as a party. Six days after service of process on Turnkey, an order was entered scheduling the trial, directing certain pretrial procedures, and setting a docket sounding for June 9, 2025.

Appellants' counsel failed to appear for the docket sounding, but Turnkey's counsel appeared at the docket sounding. Subsequently, the trial court entered an order dismissing the case for Appellants' failure to appear at the docket sounding. The order stated the purpose of the docket sounding was to determine the parties' readiness for trial and to provide a specific time and date for the trial. The order also noted that Appellants' counsel failed to appear for the docket sounding and was not excused from attendance. The court dismissed the action without prejudice and ordered the case closed.

Appellants filed a motion for rehearing and set a hearing on their motion. Appellants asserted in the motion that the *Kozel* factors did not warrant dismissal as a sanction. Appellants alleged the failure to appear was not willful or deliberate but was due to a calendar error. Further, Appellants' counsel alleged he had never been sanctioned; the clients were not personally involved in the failure to appear; the delay did not prejudice the opposing party; and the delay hopefully did not create significant problems for judicial administration.

The trial court denied Appellants' motion for rehearing without conducting the previously set hearing. In its order, the trial court did not make any written findings of fact supporting the conclusion that the failure to obey the court order demonstrated willful or deliberate disregard. Nor did the court make any specific findings regarding the *Kozel* factors with the possible exception of whether the delay created significant problems for judicial administration. For this finding the court stated: "[t]he failure to have mediated the case and then failing to appear at docket sounding has created significant problems with judicial administration. To reset this case for trial yet again, will hinder this Court's ability to efficiently handle the nearly three thousand other cases pending before this Court, of which hardly any, if any, are as old as this case." This timely appeal follows.

## II.

Initially we note that the trial court dismissed the case without prejudice. However, a dismissal without prejudice operates as a dismissal with prejudice when the statute of limitations period has run. *Totura & Co. v. Williams*, 754 So. 2d 671, 677 (Fla. 2000). As Appellants point out, the limitations period has run on their action and thus, the order issued is equivalent to a dismissal with prejudice. *See Townhouses at Jacaranda v. Crain Atlantis*, 186 So. 3d 569 n.1 (Fla. 4th DCA 2016).

When the dismissal of a complaint with prejudice is based on non-compliance with a court order, the order of dismissal is subject to an abuse of discretion standard of review. *Erdman v. Bloch*, 65 So. 3d 62, 65 (Fla. 5th DCA 2011) (citing *Bank One, N.A. v. Harrod*, 873 So. 2d 519, 520 (Fla. 4th DCA 2004)). The Florida Supreme Court has noted that it is concerned with the "swift administration of justice" at the trial level. *Kozel*, 629 So. 2d at 818 (Fla. 1993). As such, "in the interest of an efficient judicial system and in the interest of clients, it is essential that attorneys adhere to filing deadlines and other procedural requirements." *Id.* Accordingly, Florida Rule of Civil Procedure 1.200(c) provides that if a party fails to attend either a pretrial or case management conference, the court may "dismiss the action, strike the pleadings, limit proof or witnesses, or take any other appropriate action." *U.S. Bank Nat'l Ass'n v. Martinez*, 188 So. 3d 107, 108 (Fla. 5th DCA 2016).

While sanctions are within a trial court's discretion, it is also well established that dismissing an action for failure to comply with court orders is the most severe of all sanctions which should be employed only in extreme circumstances. *Ham v. Dunmire*, 891 So. 2d 492, 495 (Fla. 2004). "Moreover, to ensure that a litigant is not unduly punished for failures of counsel, the trial court must consider whether dismissal with prejudice is warranted." *Id.* at 496. In this regard, the Florida Supreme Court has articulated a test identifying six pertinent factors in the determination of whether a dismissal with prejudice is a warranted response to an attorney's behavior. *Id.* These factors which are commonly known as the *Kozel* factors require a trial court to consider:

4

1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration.

*Kozel*, 629 So. 2d at 818.

Based on these factors, express findings are required to ensure the trial judge has consciously determined the failure was more than a mistake, neglect, or inadvertence, and to assist the reviewing court to the extent the record is susceptible to more than one interpretation. *Ham,* 891 So. 2d at 496. "While no 'magic words' are required, the trial court must make a 'finding that the conduct upon which the order is based was equivalent to willfulness or deliberate disregard.'" *Id.* (quoting *Commonwealth Fed. Savings & Loan Ass'n v. Tubero,* 569 So. 2d 1271, 1273 (Fla. 1990)). Therefore, the dismissal of a complaint will constitute an abuse of discretion where the trial court fails to make express written findings of fact supporting the conclusion that the failure to obey the court order demonstrated willful or deliberate disregard and thus, necessitates reversal. *Id. See also Pixton v. Williams Scotsman, Inc.*, 924 So. 2d 37, 39-40 (Fla. 5th DCA 2006) ("[a] trial court's failure to consider the *Kozel* factors in determining whether dismissal is appropriate is, by itself, a basis for remand for application of the correct standard."); *see also Smith v. City of Panama,* 951 So. 2d 959, 962 (Fla. 1st DCA 2007) (holding that if the trial court concludes on remand that the conduct of the appellants or their counsel warrants dismissal of the action with prejudice, it shall enter an order containing findings of fact and conclusions of law with respect to each of the *Kozel* factors); *see U.S. Bank Nat'l Ass'n v. Cowell,* 86 So. 3d 1214, 1215 (Fla. 3d DCA 2012) (holding that if a trial court dismisses a case without prejudice due to counsel's failure to follow a court order, but the dismissal acts as a dismissal with prejudice because the statute of

limitations has run, the trial court should conduct an analysis under *Kozel*).

As Appellants argue, the trial court failed to make written findings regarding the *Kozel* factors to determine whether the dismissal was warranted in response to their attorney's failure to attend the docket sounding. In addition, the court did not make an express finding that the conduct was willful or deliberate. Therefore, on this basis alone, the court abused its discretion and reversal is required.

We also note that counsel pled this was a mere calendaring error. There is nothing in the record to show trial counsel had previously committed this act. In fact, the record provided showed that legal counsel was faithful in following all previous court orders. Nor is there anything in the record to show this was willful or deliberate. Therefore, we find the court abused its discretion and reverse the trial court's order dismissing the Appellant's complaint and order that the complaint be reinstated. *See Garland v. Dixie Ins. Co.,* 495 So. 2d 785 (Fla. 4th DCA 1986) (holding dismissal of complaint for failure of counsel to appear at pretrial conference was too severe a sanction where the record did not show willful or intentional disregard of trial court's order); *Little v. Turnbow,* 379 So. 3d 581, 584 (Fla. 5th DCA 2024) (finding plaintiffs' counsel's failure to attend scheduled case management conference was not willful, flagrant, deliberate, or otherwise aggravated, warranting relief from order dismissing plaintiffs' action due to counsel's failure to attend conference, where counsel's failure to attend was due to a clerical or calendaring error or mistake). However, this reversal is without prejudice to the entry of a lesser sanction against counsel if appropriate. *Id.*

REVERSED and REMANDED with instructions.

LAMBERT, SOUD, and BOATWRIGHT, JJ., concur.

6

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____