PER CURIAM.
This cause is before us on appeal from an order of the lower court dismissing Appellants’ complaint with prejudice and granting final judgment in favor of Appellees.
Appellants, “Undereducated Foster Children of Florida including Child B, Child C and Two Forgotten Children,” filed suit in the Leon County Circuit Court on their behalf and on behalf of all other foster children against Appellees, seeking declaratory and injunctive relief relating to Florida’s foster care system. Thus, Appellants seek to have this court:
1. Declare unlawful Appellees’ practice of keeping children in foster care for longer than the 12 to 18 months allowed by law;
2. Declare the present foster care system in violation of Article IX, Section 1 of the Florida Constitution, the provision requiring that Florida’s education be adequate and uniform;
3. Order Appellees to provide school-aged children in foster care with tutors or other appropriate educational assistance so that foster care does not impinge on the children’s constitutionally protected right to adequate and uniform education; and
4. Order the foster care program be restructured to comply with length-of-stay laws.
The lower court dismissed Appellants’ suit ■with prejudice, finding that, given the issues as framed in the complaint, Appellants could not plead any facts invoking the court’s jurisdiction. This appeal followed.
Dismissal of a complaint with prejudice should only be granted when the pleáder has failed to state a cause of action and it conclusively appears there is no possible way to amend the complaint to state a cause of action. Weaver v. Leon County Classroom Teachers Ass’n, 680 So.2d 478, 481 (Fla. 1st DCA 1996).
As to the first claim, Appellants do not contend that the time limitation of section 39.45(2), Florida Statutes, is a mandatory requirement, but rather concede that the provision is a statement of legislative intent. In the Interest of J.A., 561 So.2d 356, 358 (Fla. 3d DCA 1990).
Appellants’ second claim would require a constitutional guarantee of equal educational performance by foster children rather than a right to uniform educational opportunity. A plain reading of Article IX, Section 1, contemplates protection of the latter, not the former.[1] St. Johns County v. Northeast Florida Builders Ass’n, Inc., 583 So.2d 635, 641 (Fla.1991)(“The Florida Constitution only requires that a system be provided that gives every student an equal chance .to achieve basic educational goals prescribed by the legislature.” (emphasis added)). School Bd. of Escambia County v. State, 353 So.2d 834, 837 (Fla.1977); see also Florida Dep’t of Educ. v. Glasser, 622 So.2d 944, 949 (Fla.1993) (Justice Kogan specially concurring).
Appellants’ remaining claims seek relief that is outside the province of this court. Dade County Classroom Teachers Ass’n, Inc. v. Legislature, 269 So.2d 684, 686 (Fla.1972); see also, Chiles v. Children A, B, C, D, E, and F, 589 So.2d 260 (Fla.1991). Coalition for Adequacy and Fairness in School Funding, Inc. v. Chiles, 680 So.2d 400, 407 (Fla. 1996). Accordingly, the judgment below is affirmed.
BOOTH and JOANOS, JJ., concur.
VAN NORTWICK, J., concurs in part and dissents in part with opinion.

. The word "adequate" as used in Appellants' complaint is not in the constitutional provision.