832 So.2d 911 (2002)
FLORIDA NATIONAL ORGANIZATION FOR WOMEN, INC.; South Palm Beach Chapter, National Organization for Women, Inc.; Congregation L'Dor Vador; Reverend Matthew Anderson; and Charlotte Danciu, Esq., Appellants,
v.
STATE of Florida; and Fred Dickinson, in his official capacity as Executive Director of the Florida Department of Highway Safety and Motor Vehicles, Appellees.
No. 1D01-4913.
District Court of Appeal of Florida, First District.
December 19, 2002.
*913 Barry Silver, Boca Raton, for Appellants.
James J. Dean of Messer, Caparello & Self, P.A., Tallahassee, for Appellees.
BROWNING, J.
Appellants appeal a trial court order dismissing their Second Amended Complaint with prejudice. Appellants argue that the trial court should have permitted them an opportunity to amend. We affirm the trial court's dismissal of Count II with prejudice. However, we reverse as to Counts I, III, IV, and V, and remand for the trial court to grant leave to amend.
Appellants challenge the constitutionality of one of Florida's specialty license plates, which reads "Choose Life" across the top and "Florida" across the bottom. § 320.08058(30), Fla. Stat. (1999). The law creating this plate was enacted as chapter 99-301, Laws of Florida (the Act), effective July 1, 1999. On December 6, 1999, Appellants sought a declaratory judgment and temporary and permanent injunction alleging that the Act creating the Choose Life plate is unconstitutional because it violates Article I, Section 3, otherwise known as the Establishment Clause, of the Florida Constitution.
Appellants filed an amended complaint on December 13, 1999, alleging that the Act also violates Article I, Section 23 of the Florida Constitution, which provides a right of privacy to the citizens of Florida. Appellees filed an answer without seeking dismissal but put forth four affirmative defenses, including improper venue, failure to state a cause of action, lack of ripeness, and lack of standing. Subsequently, the case was transferred to Leon County.
Appellants moved for leave to file a Second Amended Complaint the day before the injunction hearing, which was scheduled for March 1, 2001. The proposed Second Amended Complaint contained a free speech claim, among others. At the hearing, Appellants attempted to make these additional arguments as a basis for injunctive relief. The trial court denied the injunction but granted leave for Appellants to file a Second Amended Complaint. However, the court stipulated that "[t]he Second Amended Complaint shall allege the facts concisely in the statement of claim in separate, consecutively numbered paragraphs. The theories under which the plaintiffs claim relief, including the particular constitutional challenges, shall be divided into separate counts for each alleged constitutional violation of the statutes in question."
The Second Amended Complaint was filed and alleged violations of the Establishment Clause in Count I, the right to free speech in Count II, several challenges to the Act's funding mechanism in Count III, the right to privacy in Count IV, and the rights to equal protection and due process in Count V. As remedies, Appellants sought an injunction prohibiting further implementation of the Act and a mandatory injunction requiring the Department of Highway Safety and Motor Vehicles to recall all Choose Life plates already issued. Appellees moved to dismiss, and a hearing was held. The trial court granted the motion and dismissed *914 the entire complaint with prejudice, finding that Counts III and V contain multiple constitutional claims in violation of the requirements listed in the trial court's order. Further, the trial court found that Counts I, II, and IV fail to state a cause of action.
The standard of review as to Counts III and V, dismissed with prejudice for failure to comply with the trial court's order, is abuse of discretion. Zaccaria v. Russell, 700 So.2d 187, 187-88 (Fla. 4th DCA 1997). We hold that the trial court abused its discretion in dismissing these counts with prejudice.
A trial court's dismissal of an action for failure to comport with its order is an involuntary dismissal under Florida Rule of Civil Procedure 1.420(b). That rule explicitly states that
[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits.
Fla. R. Civ. P. 1.420(b). This indicates that such a dismissal would be with prejudice, because the merits of the issue would have been ruled upon; older case law supports this interpretation. See, e.g., Clifford Ragsdale, Inc. v. Morganti, Inc., 356 So.2d 1321 (Fla. 4th DCA 1978). However, recent case law holds that a trial court should not dismiss an action with prejudice under rule 1.420(b) for failure to comply with court orders unless certain factors are met. See, e.g., Town of Manalapan v. Florida Power & Light Co., 815 So.2d 670 (Fla. 4th DCA 2002).
In Manalapan, the court explained that not every failure to comply with a court order will justify dismissal under rule 1.420. Id. at 672. The Fourth District applied factors outlined in Kozel v. Ostendorf, 629 So.2d 817 (Fla.1993), to reverse the trial court's dismissal of the plaintiff's claim. In doing so, the court distinguished cases that would support affirmance, such as Clifford Ragsdale, on the ground that they were decided before Kozel. Therefore, the Kozel factors should be applied to the trial court's exercise of discretion in the instant case.
In Kozel, the supreme court stated that trial courts should consider the following factors in determining whether dismissal with prejudice is warranted:
1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration.
Id. at 818. There is no indication that the trial court in this case considered these factors, as it failed to make the required findings in its order. Further, it appears that the factors are not met in the instant case. Appellants' attorney offered a reasonable justification for their noncompliance; specifically, multiple claims were included in the counts to comply with the trial court's direction to be concise. It is apparent from the record that counsel has not been previously sanctioned and the client was not personally involved in drafting the Second Amended Complaint. There is no indication in the record that Appellees or the court were prejudiced by any delay in the filing of the Second Amended Complaint. Because the trial court failed to consider the Kozel factors, *915 and the application of these factors indicates that Counts III and V should not have been dismissed, the trial court abused its discretion in dismissing those counts.
The trial court also erred in dismissing with prejudice Counts I and IV for failure to state a claim. Although Appellee's motion to dismiss specifically alleged that Counts II and IV failed to state a cause of action, the motion did not make such an allegation as to Count I. In any event, neither Counts I or IV should have been dismissed without leave to amend. The standard of review for dismissal for failure to state a claim is de novo. W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc., 728 So.2d 297, 300 (Fla. 1st DCA 1999).
Leave to amend a complaint "shall be given freely when justice so requires." Fla. R. Civ. P. 1.190(a). Thus, a trial court should grant leave to amend, rather than dismiss a complaint with prejudice, unless a party has abused the privilege to amend, an amendment would prejudice the opposing party, or the complaint is clearly not amendable. E.g., Bill Williams Air Conditioning & Heating, Inc. v. Haymarket Coop. Bank, 592 So.2d 302, 305 (Fla. 1st DCA 1991). This is true even if an amended complaint fails to state a cause of action. Bouldin v. Okaloosa County, 580 So.2d 205 (Fla. 1st DCA 1991). Further, a party that "may be able to allege additional facts to support its cause of action or support another cause of action under a different legal theory" should be allowed to amend a complaint. Obenschain v. Williams, 750 So.2d 771, 773 (Fla. 1st DCA 2000).
Appellants have not abused their privilege to amend, and there is no showing that an amendment would prejudice Appellees. The trial court gave Appellants one opportunity to amend the complaint after an answer had been filed; however, Appellants were given no opportunity to amend after the motion to dismiss had been granted. Thus, the trial court should not have dismissed with prejudice Counts I and IV.
Count II was also dismissed for failure to state a cause of action, and the above analysis would apply. However, leave to amend may be denied "where the proposed amendment would be futile." Marchi v. Board of Coop. Educ. Servs. of Albany, 173 F.3d 469, 478 (2d Cir.1999). "Dismissal of a complaint with prejudice should only be granted when the pleader has failed to state a cause of action and it conclusively appears there is no possible way to amend the complaint to state a cause of action." Undereducated Foster Children of Fla. v. Florida Senate, 700 So.2d 66, 67 (Fla. 1st DCA 1997). Appellants allege that their right to free speech has been violated by the mere existence of the Choose Life plate. As the trial court explained in dismissing Count II, "the facts alleged do not show that any of the plaintiffs have attempted any expression and been denied access to the alleged forum for speech, or that the statutes at issue have hindered or curtailed any plaintiff's speech in any way." Because Appellants have not applied for, and been denied, a pro-choice plate, and have stated their intention not to do so, they cannot amend the count to state a viable claim as they lack standing to do so. See Hildreth v. Dickinson, 1999 U.S. Dist. LEXIS 22503 (M.D.Fla.1999). This justification for dismissing Count II is supported by the record, so there is no need to remand. See Abramson v. Gonzalez, 949 F.2d 1567, 1581 (11th Cir.1992).
The trial court did not specifically rely on the futility exception as a basis for dismissing Count II with prejudice. However, we have the power to affirm a trial court's ruling on any alternate basis. Farrey's Wholesale Hardware Co., Inc. v. *916 Hobesound Indus. Park, Inc., 719 So.2d 374, 375 (Fla. 3d DCA 1998). Accordingly, we affirm the trial court's dismissal of Claim II with prejudice.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED with instructions.
ERVIN and KAHN, JJ. CONCUR.