884 So.2d 402 (2004)
Phyllis ROHLWING, Susan Rohlwing Jones, Harvey Rohlwing and Cindy Rohlwing, Husband and Wife, and Richard Rohlwing, and Linda Rohlwing, Husband and Wife, Appellants,
v.
MYAKKA RIVER REAL PROPERTIES, INC., Principally and as Successor Trustee, Frederick Strammer, Individually and as Former Trustee, Doris Jean Strammer, Charles Koch, Betty Koch, Patricia Pratt, Susan Gale Palmer, as Executrix of Estate of Pamela Palmer, David B. Palmer, J. Michael Hartenstine, and Williams, Parker, Harrison, Dietz, & Getzen, P.A., Appellees.
Nos. 2D03-1882, 2D03-2415.
District Court of Appeal of Florida, Second District.
September 24, 2004.
*403 Timothy W. Weber and Stephen J. Wein of Battaglia, Ross, Dicus & Wein, P.A., St. Petersburg, for Appellants.
Bonita Kneeland and James J. Evangelista of Fowler White Boggs Banker, P.A., Tampa, for Appellees Williams, Parker, Harrison, Dietz & Getzen, and J. Michael Hartenstine.
CASANUEVA, Judge.
Following the dismissal with prejudice of their fifth amended complaint, the plaintiffs (the Rohlwings) contend the dismissal is fatally defective because the trial court's orders lack the findings required by Kozel v. Ostendorf, 629 So.2d 817 (Fla.1993). We agree and reverse.

Procedural History
This lawsuit was first filed in January 2000, but the problems leading up to it date from the early 1990s. Appellants, the six Rohlwings, and Appellees Frederick Strammer, Doris Jean Strammer, Charles Koch, Betty Koch, Patricia Pratt, Susan Gale Palmer, and David B. Palmer (trustee and cobeneficiaries) are the current beneficiaries of a land trust formed in 1972. The Rohlwings commenced the suit because they opposed certain actions the former trustee, Frederick Strammer, and the current trustee, Myakka River Real Properties, Inc., have taken with the concurrence of the cobeneficiaries in developing the parcel of land that is the only asset of the trust.
Their initial six-count complaint consisted of twenty-one pages and contained eighty-seven pages of exhibits. The Williams, Parker firm appeared on behalf of the trustees and moved to dismiss the complaint on various grounds. The Rohlwings then served a nineteen-page amended complaint with sixty pages of exhibits, *404 causing another motion to dismiss to be filed, joined with a motion to compel separate statements of claim and a motion for more definite statement. These motions were denied and the defendants filed their answer and affirmative defenses. Late in 2000, counsel for the cobeneficiaries took on representation of the current and former trustees because the Rohlwings had moved to amend their complaint and to add as parties-defendant the Williams, Parker law firm and J. Michael Hartenstine.
With leave of court, the Rohlwings filed their second amended complaint that added counts of breach of fiduciary duty and negligence against the attorneys. All defendants answered this latest complaint and asserted their affirmative defenses. The cobeneficiaries also counterclaimed. Appropriate responses to the affirmative defenses were made, and a lengthy period of discovery commenced in late January 2001 and lasted most of that year. Lackluster compliance with discovery requests necessitated the filing of several motions to compel by the Rohlwings.
In December 2001, and based on what they had learned from discovery in the case, the Rohlwings successfully moved for leave to file their third amended complaint, a 93-page document consisting of 384 paragraphs alleging 38 causes of action. Each count incorporated by reference the first 172 paragraphs. On behalf of the cobeneficiaries, counsel moved to dismiss the relevant counts of the complaint alleging various grounds, including that it violated Florida Rule of Civil Procedure 1.110(b) by failing to contain a short and plain statement, that it failed to state causes of action, that it contained claims allegedly barred by the statute of limitations, and that it improperly incorporated by reference the general allegations of the complaint into each separate count. On behalf of the defendant-attorneys, counsel also moved to dismiss the counts against them, complaining that those counts failed to contain a short and plain statement and, especially the fraud count, failed to allege the claims with sufficient specificity. Counsel additionally moved to strike the counts as a sham.
At the hearing on these latest motions to dismiss, the trial court criticized the complaint saying that a complaint is not meant to be a trial on the merits and that this complaint did not make sense when the counts were read individually. The court granted the motions to dismiss the third amended complaint. The written order states that the motions were granted "due to the complexity of the third amended complaint and its failure to state with specificity in each count the ultimate facts upon which each count is based with further failure to allege with specificity the damages resulting from the breach of any particular cause of action."
The 79-page fourth amended complaint contained 38 counts and 133 pages of exhibits. Both groups of defendants, the trustees/cobeneficiaries and the attorneys, again filed motions to dismiss asserting that plaintiffs' counsel did not comply with the court's previous order on how to properly plead a complaint. There was much heated discussion at the hearing on these motions, with plaintiffs' counsel attempting to address each and every one of the court's perceived concerns in each and every paragraph. The court agreed with defense counsel that no defense party could deal with this complaint in terms of a motion practice. The court dismissed the fourth amended complaint and directed plaintiffs' counsel to file a fifth amended complaint that complied with Florida Rule of Civil Procedure 1.110(b). The court warned that failure to do so in the next *405 complaint would result in a dismissal with prejudice.
The thirty-five page fifth amended complaint contained eight counts. Count I alleged breach of fiduciary duty against the two trustees and the cobeneficiaries. Count II was against them as well and alleged constructive fraud. Count III alleged fraud against Frederick Strammer and the other cobeneficiaries. Count IV alleged unauthorized conflict of interest transactions against the present and former trustees. Counts V, VI, and VII contained claims against attorney Hartenstine and his firm for legal malpractice/breach of fiduciary duty, fraud, and aiding and abetting, respectively. Count VIII named all defendants and alleged "concert of action." Predictably, motions to dismiss were filed; but it was a successor judge who held the hearing on these latest motions in March 2003. The court dismissed the complaint with prejudice as to the trustees and cobeneficiaries, stating that for a case to be still in the pleading stage at that late date was just too long and that the previous judge had given plaintiffs' counsel a fair opportunity to plead properly. At the subsequent hearing on the attorneys' motion to dismiss the four counts as to them, the court granted their motion and dismissed the remaining counts as to them with prejudice also. Separate appeals ensued as to the two groups of defendants and were consolidated in this court.

Analysis
Each appealed order dismissing with prejudice the fifth amended complaint's various counts contains only the generic language "dismissed with prejudice." The written orders do not reveal the trial court's rationale for dismissal, and the transcripts of the two hearings reflect only the trial court's brief comment about the excessive length of the fifth amended complaint and the long period during which the parties attempted to file a satisfactory complaint. This is insufficient for purposes of our review, as well as for the litigants, especially the Rohlwings.
Dismissal "with prejudice" in effect disposes of the case, not for any dereliction on the part of the litigant, but on the part of his counsel. We are not unmindful of the rule that counsel is the litigant's agent and that his acts are the acts of the principal, but since the rule is primarily for the governance of counsel, dismissal "with prejudice" would in effect punish the litigant instead of his counsel.
Kozel, 629 So.2d at 818 (quoting Beasley v. Girten, 61 So.2d 179, 181 (Fla.1952)). Our supreme court in Kozel held that dismissing a case with prejudice, albeit authorized, due to the dilatory action of the plaintiff's counsel in filing an amended complaint, unduly punishes the litigant and "espouses a policy that this Court does not wish to promote." Kozel, 629 So.2d at 818. The plaintiff's counsel in Kozel had been given thirty days to amend the complaint after it was dismissed for failure to state a cause of action, but counsel did not file the amended complaint until more than five months after the due date.
To assist trial courts in determining whether dismissal with prejudice is the proper reaction to counsel's failure to adhere to filing deadlines or other procedural requirements, the supreme court adopted a six-factor analysis suggested by Judge Altenbernd in his dissent when Kozel was before the district court. Kozel v. Ostendorf, 603 So.2d 602, 605 (Fla. 2d DCA 1992) (Altenbernd, J., dissenting). These factors are: (1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; (2) whether the attorney has been previously sanctioned; (3) whether *406 the client was personally involved in the act of disobedience; (4) whether the delay prejudices the opposing party through undue expense, loss of evidence, or in some other fashion; (5) whether the attorney offered reasonable justification for noncompliance; and (6) whether the delay created significant problems of judicial administration. 629 So.2d at 818.
The trial court's orders of dismissal contain nothing from which we can determine that the Kozel factors were considered. Because a dismissal with prejudice is the ultimate sanction in the civil justice system, it is reserved for the most aggravating circumstances. Id. This policy transcends the principles relevant to amending civil complaints and has been applied in other areas including the failure to comply with discovery requirements, Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So.2d 1271 (Fla.1990), and the failure to comply with a pretrial order, Greenhill v. Shands Teaching Hosp. & Clinics, Inc., 834 So.2d 896 (Fla. 1st DCA 2002). If the Rohlwings' case is an example of the most egregious or aggravating circumstances, the order of dismissal with prejudice must so state. A successor judge imposed this extreme sanction, but his comments at that final hearing referred only to the duration of the lawsuit and the length of the complaint. Neither of these circumstances is dispositive, either singly or combined, regardless of the fact that the predecessor judge had previously warned plaintiffs' counsel that they would have only one more chance to amend.
Pursuant to Kozel, we reverse for the court to apply the six-factor test before again determining whether dismissal with prejudice is appropriate.[1] For the guidance of the trial court on remand, we note that it is unlikely the Kozel test can be fully met. A thirty-five page complaint outlining eight counts against ten defendants, one of them in a dual capacity, is not unduly long, per se. We observe that counts VI, VII, and VIII are relatively short and, in that respect, appear to comply with the pleading requirements set forth in the rules of civil procedure. We can well understand the trial court's concern, however, with other counts, such as count V. In count V, a tort count alleging legal malpractice and breach of fiduciary duty, the complaint does not appear to identify the source of the alleged duty, such as an oral or written contract, the duration of the relationship, or whether the alleged breaches emanate from one or multiple representation arrangements. However, if a count fails to state a cause of action, the order should so indicate.
Florida Rule of Civil Procedure 1.190(a) requires that leave to amend be freely given unless a party has abused the privilege to amend. Fla. Nat'l Org. of Women, Inc. v. State, 832 So.2d 911, 915 (Fla. 1st DCA 2002) (holding that the trial court should grant leave to amend, rather than dismiss a complaint with prejudice, unless a party has abused the privilege to amend, an amendment would prejudice the opposing party, or the complaint is clearly not amendable; this holds true even if an amended complaint fails to state a cause of action). Here, the Rohlwings' counsel has amended the complaint six times, twice by choice, but the facts with which he must work are admittedly complex. Although amending four to ten times has been held excessive in other cases, see, e.g., Gladstone *407 v. Smith, 729 So.2d 1002 (Fla. 4th DCA 1999); Kohn v. City of Miami Beach, 611 So.2d 538, 539 (Fla. 3d DCA 1992), there is no magical number of allowable amendment attempts. See Barrett v. City of Margate, 743 So.2d 1160, 1162 (Fla. 4th DCA 1999).
We reverse and remand for the trial court to reconsider the motion to dismiss and, should the court conclude that dismissal with prejudice is again warranted, to make the explicit determinations mandated by Kozel. See Matthews v. Chaffee, 849 So.2d 483, 485 (Fla. 2d DCA 2003). The court has other remedies, such as a fine, public reprimand, or even a contempt order, to punish counsel's conduct if merited, without punishing the innocent client. Carr v. Reese, 788 So.2d 1067, 1071 (Fla. 2d DCA 2001). However, even though the supreme court has warned that willful and deliberate acts on the part of counsel should not result in harm to an innocent party, clients should be warned that they cannot escape total responsibility for their counsel's actions, whether intentional or negligent. Cf. Rose v. Fiedler, 855 So.2d 122, 129-30 (Fla. 4th DCA 2003) (Warner, J., concurring specially) (warning that a client cannot claim ignorance and then receive another trial when the client allows counsel to obstruct and obfuscate the proceedings for over three years; the client must take responsibility to inform herself of her affairs; if the client suffers as a result of counsel's egregious behavior, it is because she chose to hire that counsel and then remain uninformed and uninterested in the manner counsel represented her).
Reversed and remanded for further proceedings.
NORTHCUTT and DAVIS, JJ., Concur.
NOTES
[1] We note that our disposition in this case only requires the trial court to review whether the case should be dismissed based on the factors outlined in Kozel v. Ostendorf, 629 So.2d 817 (So.2d 817 (Fla.1993).) We make no disposition based on whether the various counts have failed to state a cause of action because the trial court's order did not expressly indicate that such failure was the basis for its ruling.