VILLANTI, Judge.
This appeal arises from an order dismissing with prejudice an action by Butler University (Butler) to recover certain ballet costumes from Jennifer Bahssin and dissolving a temporary injunction preventing Bahssin from selling or disposing of the costumes. We conclude that the face of Butler’s complaint and proposed amended complaint did not conclusively show that Butler was not entitled to relief. Accordingly, we reverse.
The procedural history of this case is rather straightforward. Butler, a university located in Indiana, sued Bahssin, a Florida art dealer, for return of ballet costumes and other items it alleged belonged to Butler. Butler also moved for temporary injunctive relief, which the trial court granted, seeking to inspect and inventory the costumes and to prevent Bahssin from selling or otherwise disposing of the costumes. After the inspection, the parties stipulated to a stay of the lawsuit until the resolution of another lawsuit pending in Indiana, which involved similar or identical parties and issues. Bahssin then changed her mind about the stipulation when she had a “once-in-a-lifetime” opportunity to sell the costumes and filed an emergency motion to dismiss the complaint with prejudice and to dissolve the injunction, providing Butler one day’s notice before the hearing on her motion. Stating that it did so for the reasons set forth in Bahssin’s motion, the trial court dismissed the complaint with prejudice and dissolved the temporary injunction. Butler filed a motion for rehearing and a motion for leave to file an amended complaint. It attached to the motion a proposed amended complaint. The trial court denied the motion, and this appeal followed.
Generally, leave to amend a complaint “shall be given freely when justice so requires.” Fla. R. Civ. P. 1.190(a). When a complaint fails to state a cause of action, the proper approach is for the trial court to allow leave to amend, not to dismiss the complaint with prejudice. Fla. Nat’l Org. for Women, Inc. v. State, 832 So.2d 911, 915 (Fla. 1st DCA 2002). Leave to amend may be denied when a party has abused the privilege to amend or when “it conclusively appears there is no possible way to amend the complaint to state a cause of action.” Id. (quoting Undereducated Foster Children of Fla. v. Fla. Senate, 700 So.2d 66, 67 (Fla. 1st DCA 1997)). Because this was Butler’s first attempt to amend its complaint, it had not abused the privilege to amend. Thus dismissal with prejudice was appropriate only if the trial court could conclusively determine there was “no possible way to amend the complaint to state a cause of action.” Because the trial court had the benefit of having before it Butler’s proposed amended complaint, we must examine its allegations to determine whether something within it revealed there was no way Butler could state a cause of action.
The pleadings revealed that in the 1970s, Butler’s dance department was headed up by a man named George Ver-dak. During Verdak’s tenure as chairman of the dance department, Butler received a gift of costumes, sets, musical scores, and other artifacts that had once belonged to the world-famous Ballet Russe de Monte Carlo (Ballet Russe). Verdak was supposed to have inventoried these artifacts, but he failed to do so. Thus Butler did not have a record of all the items in the collection.
Verdak left Butler in 1978 and went to work for the Indianapolis Ballet Theatre. When he left, he was asked to return to Butler any items he might have that be *1090 longed to Butler, and he assured Butler that he had. The proposed amended complaint alleged that this representation was intended to conceal the fact that Verdak had in fact misappropriated Butler’s property, including the Ballet Russe items.
Around 1980, Butler learned that some of the Ballet Russe items were in the possession of the Indianapolis Ballet The-atre where Verdak was then employed. After this discovery, Butler attempted to compile a list of items that it was missing, but because Verdak had failed to prepare a proper inventory of the original donated items, Butler was unable to prepare a complete list. Nevertheless, it circulated this partial list to members of the dance community, including Verdak and its own dance faculty. As a result, some items were located and returned to Butler, including some items that had been in Ver-dak’s possession. Again, Verdak fraudulently represented that he had no more of Butler’s items.
When Verdak died in 1983, his sole heir, life partner, and the personal representative of his estate, William Glenn, was tasked with preparing an inventory of Ver-dak’s estate. The inventory Glenn prepared contained no references to any Ballet Russe items. When Glenn died, the personal representative of Glenn’s estate filed a false certificate with the probate court stating she had prepared an inventory of Glenn’s estate when in fact she had not; when she died, the personal representative of her estate did the same thing. Butler alleged that the effect of these failures was to continue the fraudulent concealment of the Ballet Russe items.
In 2002, Butler learned that art dealers were at the house formerly owned by Verdak (and Glenn) and that they were selling ballet costumes and music scores. Some Butler dance faculty members went to investigate, including one who had been a member of the Ballet Russe. They discovered among the items for sale a box of musical scores that Butler had identified as missing in the list it had compiled. They also discovered that some ballet costumes had been sold to a Florida art dealer named Jennifer Bahss-in. Upon obtaining a temporary injunction permitting inspection of the costumes Bahssin had bought, Butler discovered that some of the costumes completed partial ballet sets that Butler had in its possession; in some instances, Butler had part of a complete costume and Bahssin had the other part. Additionally, many of the costumes had the names of former Butler ballet students written inside them.
If the facts as alleged in this proposed amended complaint and the original complaint conclusively showed Butler could not state a cause of action, the trial court was correct in denying leave to amend and dismissing the complaint with prejudice. Stated conversely, if the facts as alleged could support a cause of action, the trial court should have permitted Butler to amend its complaint and allowed the lawsuit to proceed.
Bahssin argues that dismissal was proper because the face of Butler’s complaint revealed that the action was time barred.[1] Bahssin further asserts that any amendment would be futile because there is no way Butler could defeat the statute of limitations. At the time Butler’s complaint was dismissed, the issue of which statute of limitations applied had not been litigated. This was an issue because although Butler brought suit in Florida, the events giving rise to the complaint *1091 took place in Indiana.[2] Because the parties have not yet litigated the conflict-of-law issue, we do not decide which state’s statute of limitations applies. But because the facts as alleged in Butler’s proposed amended complaint show that it may be entitled to relief under either state’s statute of limitations, we hold that the trial court erred in dismissing Butler’s complaint with prejudice.
Under Indiana law, the statute of limitations for an action to recover personal property action is six years. Ind.Code § 34-11-2-7 (2002). However, Indiana follows the “discovery rule,” meaning that a cause of action accrues only when the plaintiff knows or in the exercise of ordinary diligence could have discovered that the basis for the claim has occurred. Doe v. United Methodist Church, 673 N.E.2d 839, 842 (Ind.Ct.App.1996); Autocephalous Greek-Orthodox Church of Cyprus v. Goldberg & Feldman Fine Arts, Inc., 917 F.2d 278, 291 (7th Cir.1990). Thus the statute of limitations does not even begin to run until the plaintiff knows, or in the exercise of reasonable diligence should know, that he has been injured.
Like Indiana, Florida follows the discovery rule, known in Florida as the “delayed discovery doctrine.” Keller v. Reed, 603 So.2d 717, 719 (Fla. 2d DCA 1992) (“Florida courts have held that the last element occurs, and thus the cause of action accrues, when the plaintiff knew, or through the exercise of due diligence should have known, of the invasion of his or her legal rights.”); Senfeld v. Bank of Nova Scotia Trust Co. (Cayman) Ltd., 450 So.2d 1157, 1163 (Fla. 3d DCA 1984).[3] An action for recovery of personal property in Florida must be brought within four years *1092 of the accrual of the cause of action. §§ 95.031, .11(3), Fla. Stat. (2002). Therefore, Butler was required to bring its suit within four years of the time it knew — or through due diligence should have known — the Ballet Russe items had been misappropriated.
The facts contained in Butler’s proposed amended complaint are that it was prevented from discovering the loss of its property through the active concealment of Verdak’s original misappropriation by his successors in interest until Bahssin purchased the costumes in 2002. In contrast, Bahssin argues that the pleadings conclusively show that Butler knew the cause of action had accrued in 1978 when Verdak left Butler’s employ because Butler asked Verdak to return the Ballet Russe items and thus impliedly knew Verdak had the items. The first problem with this argument is that it ignores the allegation that Verdak fraudulently told Butler he had returned the items. Additionally, it assumes that Butler was aware of all the items Verdak had taken, when in fact the complaint states that Butler never had a complete inventory of the items — because Verdak failed to perform this duty — and therefore could not have known Verdak still had them.
As to Butler’s due diligence to discover the injury against it, the proposed amended complaint states that Butler took the following steps to ascertain whether any of the Ballet Russe items were missing: (a) it asked Verdak to complete an inventory of the items, which he failed to do; (b) it requested that Verdak return any items he had when he left Butler, which he failed to do; and (c) upon discovering the Indianapolis Ballet Theatre had some Ballet Russe items, it attempted to compile a list of items in the original collection, circulated this list to members of the ballet community, and received some of the items back, along with Verdak’s assurances that he was returning all of the items. These allegations were sufficient to invoke the discovery rule, or delayed discovery doctrine, and therefore to withstand Bahssin’s motion to dismiss with prejudice based on the statute of limitations.
Accordingly, the trial court erred when it dismissed Butler’s complaint with prejudice without first allowing it to amend its complaint. We therefore reverse and remand with directions to the trial court to allow Butler to amend its complaint and to reinstate the temporary injunction preventing Bahssin from selling or otherwise disposing of the costumes.
Reversed and remanded with directions.
WALLACE, J., and WILLIAMS, CHARLES E., Associate Judge, Concur.

. We have considered Bahssin’s other arguments in support of dismissal and find them without merit.

. Florida uses the "significant relationship” test for determining what state’s statute of limitations applies to a lawsuit. Merkle v. Robinson, 737 So.2d 540 (Fla.1999). To determine which jurisdiction has the most significant relationship to the lawsuit and parties, a court considers where the injury occurred, where the events causing the injury occurred, the domicile of the parties, and where the parties' relationship is centered. Restatement (Second) of Conflict of Laws § 145 — 46 (1971) (cited in Bates v. Cook, Inc., 509 So.2d 1112, 1114 (Fla.1987)).

. The viability of Keller and other cases recognizing the delayed discovery was called into question by the First District in Hearndon v. Graham, 710 So.2d 87 (Fla. 1st DCA 1998). The supreme court reversed the First District decision in Hearndon v. Graham, 767 So.2d 1179 (Fla.2000), thus reviving the delayed discovery doctrine. The delayed discoveiy doctrine should not be confused with fraudulent concealment of a cause of action. The delayed discovery doctrine, sometimes called the "blameless ignorance” doctrine, delays the accrual of a cause of action, meaning a cause of action is not complete and the statute of limitations does not begin to run, until the blameless plaintiff discovers (or reasonably should have discovered) a violation has occurred. In contrast, when a defendant fraudulently conceals the existence of a cause of action, the statute of limitations is tolled during the time of the fraudulent concealment. See generally Hearndon, 767 So.2d 1179 (discussing the difference between the two concepts); Autocephalous, 917 F.2d at 288 (same). This distinction is important for two reasons. First, the Florida Legislature has provided limited grounds for tolling statutes of limitations, but it has not so limited the invocation of the delayed discovery doctrine. Hearndon, 767 So.2d at 1184. Second, and of importance to this case, the fraudulent concealment doctrine operates to prevent defendants from benefitting from a statute of limitations when their own wrongdoing delays filing of a cause of action, whereas the delayed discoveiy doctrine does not require a deceptive defendant so much as a blameless plaintiff. Berisford v. Jack Eckerd Corp., 667 So.2d 809, 811 (Fla. 4th DCA 1995); Autocephalous, 917 F.2d at 288. Butler has not alleged that Bahssin was in cahoots with Ver-dak and the others in concealing the existence of this cause of action. Rather, it has alleged that, through no fault of its own and despite its diligence, it was unaware that its property had been misappropriated.