MONACO, C.J.
Mr. Webster defines “prolix” as being “unduly prolonged or drawn out” or “given to verbosity and diffuseness in speaking or writing,” and “prolixity” as “the quality or state of being prolix.” Webster’s Seventh New Collegiate Dictionary 681 (1969). If one would truly seek to understand prolixity, however, one would want to review the second amended counterclaim and cross-claim filed by the appellants, Michael Myers and Jacqueline Myers, in this case. The document spans an impressive 226 pages, 36 counts, and 901 paragraphs.[1] When the trial court considered, and ultimately granted with prejudice, the motions to dismiss this elephantine pleading, it noted with great accuracy:
The pleading is repetitive, disorganized and disjointed. It is so replete with superfluous factual allegations and rambling legal conclusions that it is barely comprehensible. Fla. R. Civ. P. 1.110 requires that a claim for relief state a cause of action and contain a short and plain statement of the ultimate facts showing the pleader is entitled to relief. The prolix nature of the Second Amended Counterclaim and Crossclaim makes it violative of this rule.
We could not agree more. Yet we find that we must, in part, reverse.
An extensive recitation of the facts of this case is not necessary for an understanding of our holding. Suffice it to say that the dispute concerns a venture originally involving the Myers and two of the appellees, Donald J. Haehenberger and Glenda Haehenberger. The Myers and the Hachenbergers decided to develop an entertainment complex that included five bars, as well as a restaurant, retail store, sound stage and separate smokehouse. The other appellees are various business entities created to implement the plan. Relations between the parties broke down and the Hachenbergers removed Michael Myers from the property and terminated his employment. One of the business entity appellees, Highway 46 Holdings, LLC, *60 brought suit against the Myers under various of the agreements between the parties, and the Myers counterclaimed and cross-claimed against the business entities and against the Hachenbergers individually.
The Myers made five earlier attempts to raise counterclaims, cross-claims and third-party actions against Highway 46 and the Hachenbergers. On occasion often the pleadings were amended by stipulation, but prior to the dismissal of the order on appeal the trial court entered a dismissal without prejudice of an earlier attempt at a counterclaim and cross-claim. Unfortunately, each successive time the Myers attempted to plead their numerous legal positions, their counterclaim and cross-claim got longer and more confusing. When the trial court at the conclusion of the penultimate hearing granted a Ha-chenberger dismissal motion, it did so saying that it intended to take a “cautious approach,” and that it, therefore, was granting the Myers “a final opportunity to further amend their pleadings within the next 20 days.” Predictably, after the sixth attempt by the Myers, the trial court, obviously having had enough, dismissed their claims with prejudice for “repeated refusal to comply with the rules of pleading.”
The Myers argue on appeal that the trial court erred when it did not consider the factors set forth in Kozel v. Os-tendorf, 629 So.2d 817 (Fla.1998), prior to dismissing with prejudice. To aid trial courts in deciding whether dismissal with prejudice is proper when counsel fails to adhere to procedural requirements, our supreme court adopted a six-factor analysis. Id. These factors are: (1) whether the attorney’s disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; (2) whether the attorney has been previously sanctioned; (3) whether the client was personally involved in the act of disobedience; (4) whether the delay prejudices the opposing party through undue expense, loss of evidence, or in some other fashion; (5) whether the attorney offered reasonable justification for noncompliance; and (6) whether the delay created significant problems of judicial administration. Id.,see also Fla. Nat’l Org. for Women, Inc. v. State, 832 So.2d 911, 915 (Fla. 1st DCA 2002) (holding that the trial court should grant leave to amend, rather than dismiss a complaint with prejudice, unless a party has abused such privilege, an amendment would prejudice the opposing party, or the complaint is clearly not amendable). The second district in a later case considering this issue explained that “dismissing a case with prejudice, albeit authorized, due to the dilatory action of the plaintiffs counsel in filing an amended complaint, unduly punishes and ‘espouses a policy that [the Florida Supreme Court] does not wish to promote.’ ” Rohlwing v. Myakka River Real Properties, Inc., 884 So.2d 402, 404 (Fla. 2d DCA 2004) (quoting Kozel, 629 So.2d at 818). A fair reading of the cases following Kozel, however, suggests that the six-part test called for in that decision is to be applied when the dismissal with prejudice is essentially a sanction. See, e.g., Arkiteknic, Inc. v. United Glass Laminating, Inc., 53 So.3d 366 (Fla. 3d DCA 2011); Sanders v. Gussin, 30 So.3d 699 (Fla. 5th DCA 2010).
The appellees here argue that the dismissal was not a sanction that would require a Kozel analysis, but was rather a dismissal based on the repeated inability of the Myers to state a cause of action despite five attempts. That is to say, the appellee’s posit that the Myers have demonstrated that they are incapable of stating valid causes of action no matter how many attempts they might make.
We certainly agree with the appel-lees that although the trial judge must *61 give a party a reasonable number of opportunities to amend to state a cause of action, there is no specific number that is binding on the trial court, and at some point an end must come. The Fourth District Court of Appeal noted cogently in this respect:
While there is no magical number of amendments which are allowed, we have previously observed that with amendments beyond the third attempt, dismissal with prejudice is generally not an abuse of discretion. There is simply a point in litigation when defendants are entitled to be relieved from the time, effort, energy, and expense of defending themselves against seemingly vexatious claims.
Dimick v. Ray, 774 So.2d 830, 833 (Fla. 4th DCA 2000) (quoting Kohn v. City of Miami Beach, 611 So.2d 538 (Fla. 3d DCA 1992)). Indeed, many of the counts set out by the Myers were dismissed simply because they could not state a cause of action after numerous attempts. The appellees contend that the point in the litigation referred to in Dimick had been reached in the present case, and the court, therefore properly dismissed the case with prejudice. We conclude in this connection that with respect to those counts where the Myers have yet to state a cause of action,[2] the dismissal was not a sanction and, accordingly, Kozel was not implicated. Thus we affirm the dismissal with prejudice of those counts.
Several of the counts, however, were not challenged on the basis of a failure to state a cause of action, and a few were never previously dismissed by the court, and appear to have been sufficiently pled even if in an obtuse and convoluted way.[3] See Samuels v. King Motor Co. of Ft. Lauderdale, 782 So.2d 489 (Fla. 4th DCA 2001). The continued failure to file pleadings in accordance with Florida Rule of Civil Procedure 1.110(b), may nevertheless constitute an act of disobedience that could unquestionably subject counsel to sanctions as suggested in Kozel. See Rohlwing, 884 So.2d at 407.
It appears from the record in this case that the trial judge may very well have dismissed these latter counts of the counterclaim and cross-claim with prejudice because of continued violations by counsel for the Myers of the applicable rules of pleading, particularly Florida Rule of Civil Procedure 1.110, requiring a claim to consist of a short and plain statement of ultimate fact. However, the minimum sufficiency of those counts appears to have been conceded because motions to dismiss for failure to state a cause of action were specifically not addressed to them. We conclude, therefore, that as to those counts in which a cause of action was sufficiently and facially pled, their dismissal with prejudice must have constituted a sanction based upon trial counsel’s multitude of procedural faults. Under these circumstances we further conclude that a Kozel analysis had to have been performed with *62 respect to these counts before they could be validly dismissed with prejudice. We, accordingly, reverse and remand to allow the court to address Kozel before taking further action.
Finally, we note that the trial court found that the Hachenbergers were not properly joined as parties by the Myers under Florida Rule of Civil Procedure 1.170(h). That rule reads as follows:
(h) Additional Parties May Be Brought In. When the presence of parties other than those to the original action is required to grant complete relief in the determination of a counterclaim or crossclaim, they shall be named in the counterclaim or crossclaim and be served with process and shall be parties to the action thereafter if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action. Rules 1.250(b) and (c) apply to parties brought in under this subdivision.
It appears that the Hachenbergers were properly joined under this rule, however, because their presence in the case is required to grant complete relief. We note parenthetically that Count III of the amended complaint seeks specific performance under certain of the agreements between the various parties and specifically asks the trial court to declare the right of the Hachenbergers to control the management of Highway 46 Holdings, LLC. Since the appellees asked for this declaration, it is clear that the Hachenbergers’ joinder is necessary for a complete determination. See Blue Dolphin Fiberglass Pools of Florida Inc. v. Swim Indus. Corp., 597 So.2d 808 (Fla. 2d DCA 1992). Moreover, the Hachenbergers are signatories to many of the agreements and documents that form the basis of this suit and were involved to various extents in several of the causes of action made out by the pleadings.[4] Thus we conclude that the trial court erred in dismissing the counterclaims and cross-claims based on improper joinder.
Accordingly, we reverse and remand for proceedings consistent with this opinion. AFFIRMED in part, REVERSED in part, and REMANDED.
PALMER and JACOBUS, JJ., concur.

. We hasten to point out that appellants’ counsel on this appeal was not the trial counsel who filed the pleading.

. While it is certainly not easy to tell, the following counts appear to have been dismissed for failure to state a cause of action: Counts IV, VII, VIII, XVII, XVIII, XIX, XX, XXI, XXIV, XXV, XXVI and XXIX.

. While all of the remaining counts were the subject of motions to dismiss, the motions were based primarily on affirmative defenses, not for failure to state a cause of action. For example, several of the motions sought dismissal based on the statute of frauds. Generally, however, an affirmative defense asserting the statute of frauds cannot be raised in a motion to dismiss unless the complaint affirmatively shows the conclusive applicability of the defense to bar the action. See Conner, I, Inc. v. Walt Disney Co., 827 So.2d 318 (Fla. 5th DCA 2002), review denied, 846 So.2d 1147 (Fla.2003).

. For example, Counts I, II and III of the Second Amended Counterclaims and Cross-Claims allege that the various agreements between the parties are void due to fraud. If correct, these counts would affect the rights of the Hachenbergers under the various agreements that they signed.