PER CURIAM.
This case is here for the second time on this issue. The trial court originally dismissed with prejudice the appellants’ Second Amended Counterclaims and Cross-claims for violating Florida Rule of Civil Procedure 1.110(b) by being unnecessarily long and confusing. In Myers v. Highway 46 Holdings, LLC, 65 So.3d 58 (Fla. 5th DCA 2011), we remanded the case back to the trial court for a Kozel[1] hearing to determine if the dismissal with prejudice was proper. On remand, the trial court found that the Kozel factors had been met and therefore dismissal was proper.
In this appeal, the appellants contend that the trial court’s findings are not supported by the record. We agree. The record is devoid of any reference that the appellants’ counsel willfully, deliberately, or contumaciously disobeyed a court order regarding rule 1.110, nor is there anything in the record to support a finding the counsel was previously sanctioned for violating rule 1.110. To the contrary, in the dismissal prior to the dismissal with prejudice, the trial court expressly declined to find a violation of rule 1.110 or to dismiss on that ground. The court did not order counsel to shorten the pleading, warn counsel that he faced dismissal with prejudice for not complying with the rule, or otherwise sanction counsel for violating the rule. Accordingly, we reverse and remand for further proceedings on the merits of the claims.
REVERSED AND REMANDED.
TORPY, C.J., PALMER, J'., and JACOBUS, B.W., Senior Judge, concur.

. Kozel v. Ostendorf, 629 So.2d 817 (Fla.1993).