FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA
_____

Nos. 1D2023-1334
1D2023-2809
_____

GLADES RESTORATION, LLC,
a.a.o. Jimmy McKinstry,

    Appellant/Cross-Appellee,

    v.

HOMEOWNERS CHOICE PROPERTY
& CASUALTY INSURANCE
COMPANY, INC., a Florida
Corporation,

    Appellee/Cross-Appellant.
_____


On appeal from the County Court for Escambia County.
R. Scott Ritchie, Judge.

April 2, 2025

PER CURIAM.

    We previously consolidated these appeals for travel and assignment to the same panel, and now consolidate them for disposition. In Case No. 23-1334, Glades Restoration (Restoration) appeals the pre-answer dismissal of two complaints seeking payment for services rendered to a homeowner who had insurance through Appellee Homeowners Choice Property & Casualty Insurance (Insurer). In Case No. 23-2809, Insurer cross-appeals the trial court's denial of its motion for attorney fees under Florida Statutes section 57.105 (regarding sanctions for raising

unsupported claims or defenses). In both cases, we reverse the trial court orders dismissing Restoration's complaints with prejudice. Given our disposition, we affirm without further discussion the order on cross-appeal denying attorney fees.

In both complaints, Restoration alleged the right to seek payment from Insurer under assignments from the insured homeowner. Restoration's first complaint failed to attach an itemized list of services and prices as section 627.7152(2) required, although Restoration asserted that such a detailed document existed and had been sent to Insurer. The hearing transcript reflects that Restoration's attorney orally requested leave to amend to attach the requisite documentation, but the trial court dismissed with prejudice, acknowledging it was a "close call." The dismissal included a second count for declaratory judgment of rights under the insurance contract.

The court likewise dismissed with prejudice a second complaint, which apparently sought payment for additional or different repairs, even though Restoration amended the complaint and attached a detailed estimate. The court found dismissal appropriate because the estimate was not signed, and the footer on the attachment was dated after the suit was filed, although the detailed estimate itself was dated days before the assignment.

On these facts, the trial court abused its discretion in dismissing the first complaint and refusing to allow amendment. Leave to amend should be "given freely." *Fla. Nat'l Org. for Women, Inc. v. State*, 832 So. 2d 911, 915 (Fla. 1st DCA 2002). A party should be allowed to amend unless it has "abused the privilege to amend, an amendment would prejudice the opposing party, or the complaint is clearly not amendable." *Id*. Further, "the failure to attach necessary documents is a remediable offense." *Wells Fargo Bank, N.A. v. Bohatka*, 112 So. 3d 596, 601 (Fla. 1st DCA 2013).

As to the first complaint in Case No. 23-1334, Restoration preserved its request to amend, had not abused the right to amend, and represented that the amendment would not be futile because the documentation existed and would satisfy the statute. At that stage of pleading, the court could not speculate about whether the

amendment would ultimately pass muster. Restoration may file an amended complaint including (if it wishes) its declaratory-judgment claim.

We also find the trial court erred in dismissing the amended complaint in Case No. 23-2809 because of the date on the document footer of the cost estimate, and its lack of signatures. The statute requires that an assignment agreement itself must be executed (and this one was), but does not require that the cost estimate be executed. *See* § 627.7152(2)(a)(1), (4), Fla. Stat. (2021). The separate factual question about the date on the footer cannot properly be resolved on a motion to dismiss.

REVERSED in part, AFFIRMED in part, and REMANDED.

ROBERTS, RAY, and KELSEY, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Gabriel Gonzalez Insua and Lisbet Velasquez of Velasquez & Perez Perez Law Firm, Miami, for Appellant/Cross-Appellee.

Mihaela Cabulea of Butler Weihmuller Katz Craig LLP, Tampa, and Scott Gold of Homeowners Choice Property & Casualty Insurance Company, Plantation, for Appellee/Cross-Appellant.